■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID P. JOHNSON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 14, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court failed to fully explain to the defendant the risks of self-representation. (*People v Harris,* 85 AD2d 742, mot for lv to app granted by this court on Jan. 27, 1982.) A valid waiver of defendant's fundamental constitutional right to counsel requires a proper allocution. (*People v McIntyre,* 36 NY2d 10.) Accordingly, there must be a new trial. We note that the trial court, on the day before the trial began, granted the People's motion, on defendant's *pro se* consent, to delete that part of the original indictment which charged the defendant with "acting in concert

with another person" when he allegedly knowingly entered and remained unlawfully in the subject dwelling. On appeal, the defendant intimates that it was error for the trial court to have granted that amendment. We disagree. Recently, in *People v Torres* (86 AD2d 988) a similar argument was made and rejected by this court. Such an amendment cannot be said to prejudice a defendant in his defense on the merits or in any way alter the theory of the People's case. We have reviewed the defendant's other contentions and find them to be lacking in merit. Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.