THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CEBALLOS, Appellant.

Second Department, January 23, 1984

**APPEARANCES OF COUNSEL**

*Nicholas J. Damadeo* for appellant.

*Dennis Dillon, District Attorney (Anthony J. Girese* and *Douglas Noll* of counsel), for respondent.

**OPINION OF THE COURT**

NIEHOFF, J.

On May 6, 1982, judgment was rendered convicting the defendant, Richard Ceballos, of robbery in the third degree (Penal Law, § 160.05), upon a jury verdict and sentencing him, as a prior felony offender, to a period of imprisonment of from 3½ to 7 years.

On this appeal the defendant raises a number of issues ranging from insufficiency of the evidence to lack of effective assistance of counsel. We have examined the numerous assignments of alleged error and have found each to be lacking in merit. However, one of the defendant's contentions warrants discussion by this court.

The indictment handed down charged defendant with two counts of robbery in the second degree. Prior to trial the People moved to dismiss the first count of the indictment which charged the defendant with an August 16, 1979 robbery of the Baldwin branch of the National Bank of North America. Defense counsel joined in the application to dismiss the first count of the indictment and the motion was granted. At the same time, because robbery in the second degree could not be proven, the People moved to amend the second count of the indictment charging the defendant with an October 10, 1979 robbery of the same bank to the lesser included charge of robbery in the third degree by striking from the indictment the words "and was aided by another person actually present". Defense counsel stated that he had no objection to the amendment of that count. As noted above, following a jury trial, the defendant was convicted of robbery in the third degree.

On the instant appeal the defendant claims that the trial court lacked the power to amend the indictment and that, as a consequence, the resulting guilty verdict was jurisdictionally invalid. In brief, the defendant contends that in New York a court lacks the power on a pretrial motion to substitute or reduce a charge to a lesser included offense. We disagree.

With the enactment of CPL 200.70 the Legislature has prescribed the procedure for amending indictments. That section reads as follows:

"§ 200.70 Indictment; amendment of.

"1. At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits. Where the accusatory instrument is a superior court information, such an amendment may be made when it does not tend to prejudice the defendant on the merits. Upon permitting such an amend-

ment, the court must, upon application of the defendant, order any adjournment of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.

"2. An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it; nor may an indictment or superior court information be amended for the purpose of curing:

"(a) A failure thereof to charge or state an offense; or

"(b) Legal insufficiency of the factual allegations; or

"(c) A misjoinder of offenses; or

"(d) A misjoinder of defendants."

By virtue of the statute, "in contrast to common law * * * a court is now authorized * * * to 'order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like' provided the amendment does not change the theory of the prosecution or otherwise serves to prejudice the defendant on the merits" (*People v Spann,* 56 NY2d 469, 473).

Our inquiry, then, must be directed to the question of whether the amendment at bar, i.e., reducing the crime charged from robbery in the second degree to robbery in the third degree, either changed the theory of the prosecution or otherwise prejudiced the defendant on the merits. Inasmuch as we are satisfied that robbery in the third degree is a lesser included offense of robbery in the second degree, and that the trial of defendant for robbery in the third degree did not alter the theory of the People's case, we conclude that the subject amendment did neither.

Recently, in the cases of *People v Glover* (57 NY2d 61), and *People v Green* (56 NY2d 427), the Court of Appeals set forth the test to be applied when determining if a particular crime is a lesser included offense of a crime charged. Essentially, we are told that the determination as to whether or not a crime is a lesser included offense for the purpose of submitting the matter to a jury is to be ascertained by a two-tiered analysis, to wit: "(1) considering in the abstract the Penal Law definition of the crime charged

in the indictment in relation to the Penal Law definition of the claimed lesser included offense, is it theoretically impossible to commit the greater crime without at the same time committing the lesser; [and] (2) is there a reasonable view of the evidence in the particular case that would permit the jury to conclude that the defendant committed the lesser but not the greater offense" (*People v Green, supra,* p 430). Under the first tier of the analysis, if the lesser crime requires demonstration of an element or fact not required by the greater crime, the impossibility test has not been met and the lesser crime is not classifiable as a lesser included offense.

Although the issue urged by defendant which we are here considering concerns itself with the right of a Judge to reduce the degree of the crime charged against the defendant prior to the trial rather than the right of a Judge to submit to the jury robbery in the third degree as a lesser included crime of robbery in the second degree, the first tier of the lesser included offense analysis applies to both situations.

With the foregoing principles in mind we now examine the charges before us.

Section 160.10 of the Penal Law declares that a person is guilty of robbery in the second degree "when he forcibly steals property" and when:

"1. He is aided by another person actually present; or

"2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime,

"(a) Causes physical injury to any person who is not a participant in the crime; or

"(b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

Section 160.05 of the Penal Law provides that a person is guilty of robbery in the third degree "when he forcibly steals property."

An examination of the above statutes leads to the inescapable conclusion that a person cannot commit robbery in the second degree without at the same time committing robbery in the third degree. To be guilty of robbery in the

second degree one must forcibly steal property. That is precisely how robbery in the third degree is defined. There are no elements present in robbery in the third degree which are lacking in robbery in the second degree. Only the converse is true. Hence, under the *Glover/Green* test, robbery in the third degree is a lesser included offense of robbery in the second degree. Although the Grand Jury did not indict defendant for robbery in the third degree, the Grand Jury did indict for the higher count. In so doing it implicitly found sufficient evidence of the lesser count. Therefore, it may not be soundly argued that because there was no Grand Jury indictment for robbery in the third degree, all proceedings taken after the amendment were jurisdictionally defective.

What is more, the amendment at bar which involved the striking of the words "and was aided by another person actually present" did not involve any change in the theory of the prosecution.

In his brief the defendant asserts that he "was never given any prior notice of the prosecutor's intentions to amend and, as a result, the defendant was caught unfairly by surprise and deprived of any opportunity to adjust and restructure his case". That argument is specious because (1) defense counsel stated he had no objection to the prosecutor's proposed amendment (which reaction is perfectly understandable since it reduced his client's exposure from a maximum of 15 years to 7 years imprisonment) and (2) this court has previously held that the deletion of words similar to those at bar from an indictment was not improper (*People v Johnson,* 87 AD2d 829, 830).

In *Johnson (supra)* the trial court, on the day before the trial began, granted the People's motion, on defendant's *pro se* consent, to delete that part of the original indictment for burglary which charged the defendant with "acting in concert with another person" when he allegedly knowingly entered and remained unlawfully in the subject dwelling. On appeal we rejected defendant's argument that it was error for the trial court to amend the indictment in this fashion and wrote that it "cannot be said to prejudice a defendant in his defense on the merits or in any way alter

the theory of the People's case" (*People v Johnson, supra,* p 830).

We must assume that, in the instant case, when the defendant's attorney announced that he had no objection to the court's amending the indictment by reducing the charge from robbery in the second degree to robbery in the third degree, he was aware of the fact that robbery in the third degree was a lesser included offense and that such lesser included charge would undoubtedly be submitted to the jury under the original indictment even if the People failed to prove the greater charge of robbery in the second degree. Knowing that robbery in the third degree would, in all probability, be submitted to the jury in any event, the defendant had nothing at all to lose by consenting to the reduction of the degree of crime charged and he gained the advantage of minimizing his exposure to jail time by consenting to be tried on the lesser charge. Now the defendant argues that the court and the jury were, in essence, misled by defendant's counsel. In effect, defendant asserts that although he, through counsel, consented to be tried on the lesser included charge of robbery in the third degree and the members of the jury were told that they had a choice of convicting or acquitting him of that charge, in reality only an acquittal could legally survive because any conviction under the amended indictment would be jurisdictionally flawed. That argument is made in the face of the uncontroverted fact that the same conviction would be valid had defendant gone to trial on the original indictment.

In a word, defendant asks to be rewarded because his counsel, wittingly or unwittingly, misled the court and the jury. He asks this court to hold that he sat through the trial, to which he consented, without any risk whatever — and that he had an automatic reversal at his disposal in the event of a conviction. As Justice SILVERMAN recently wrote in a somewhat similar situation, in his concurring opinion in *People v Williams* (95 AD2d 726, 728): "Under the standards governing criminal advocacy, appellate counsel is quite justified in making this argument. But as the defendant had a fair trial on charges of which he had full notice, and before a court which had jurisdiction (cf.

*People v Darling,* 50 AD2d 1038), I see no reason in sense or justice why this court should declare the effectiveness in the criminal law of a tactic which in any other area of the law could fairly be characterized as at best inequitable and misleading."

Finally, we note that the defendant's reliance on cases such as *People v Panuccio* (90 AD2d 507), and *People ex rel. Gray v Tekben* (86 AD2d 176, affd 57 NY2d 651) is misplaced. In those cases the respective defendants were convicted of crimes for which they were not indicted and which did not constitute lesser included offenses of the crimes charged.

Likewise cases such as *Matter of Gribetz v Edelstein* (90 AD2d 529), and *People v Maier* (72 AD2d 754) offer the defendant no solace inasmuch as they stand for the proposition that a court lacks the power to reduce a charge contained in an indictment upon the application of a defendant. By its very terms, CPL 200.70, which authorizes amendments of indictments, applies only to an "application of the people". In this connection it is worthy of note that the commentary to this section takes issue with the conclusion that reductions should not be permitted: "The real problem with this section is that, on a motion to dismiss, if the court finds legally insufficient evidence of the higher charged counts yet finds that there is legally sufficient evidence of lesser offenses, not expressly charged as counts in the indictment, the court must deny the motion to dismiss outright. This is a waste for the defendant and for the people. No amendment by the court to the lesser offenses is statutorily authorized and some argue that the constitutional requirement for a grand jury indictment theoretically supports this ban. That is balderdash. The grand jury had already charged a higher count and implicitly found sufficient evidence of any lessers. The trial judge thereafter should have the amendatory authority to dismiss the higher insufficient count or counts which benefits the defendant who otherwise has to go to trial prejudicially on the 'found' insufficient higher count; certainly the trial judge finding legally sufficient evidence of potential lesser charges should not dismiss entirely; nor should the judge have to go through the circuity of dismissing with

authorization for resubmission to the grand jury, a terrible and unnecessary waste of time. Everybody loses by this hypertechnical hamstringing of judicial discretion and innovation. There ought to be a change in the law or the interpretation of the law. The mechanics of who precisely frames the amended lesser charges etc. should be really quite easily worked out (see e.g. proposed interpretation in last paragraph of practice commentary to CPL 200.90)" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.70, p 523).

While the change in the law suggested by this commentary may well be beneficial, we need change no law to hold that the defendant before us was properly convicted of robbery in the third degree. CPL 200.70 which authorizes amendments to indictments on application of the People was designed to permit the People to obtain amendments which are not significant or substantive in nature, or which do not change the theory of the prosecution's case. By thus limiting the power of the court to amend at the behest of the People, defendants are protected by the statute.

In the instant case, as we have already demonstrated, the amendment in question was authorized by the statute. Moreover, because the statute benefits a defendant by protecting him against prejudicial amendments to the indictment handed down against him by the Grand Jury, he must be deemed to have waived any objection to the amendment which was nonjurisdictional in nature when he consented to it.

For the foregoing reasons, the judgment of conviction should be affirmed.

BRACKEN, J. P., BROWN and BOYERS, JJ., concur.

Judgment of the County Court, Nassau County, rendered May 6, 1982, affirmed.