■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO CEPEDES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), entered June 8, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The original indictment in this case charged both the defendant and a codefendant, Tyrone McInnis, with murder in the second degree when, "each aiding the other", they caused the death by gun shot of one Edwin Ramos. After defense counsel's motion for a severance had been granted, the People moved, with consent of the defendant, to amend the indictment by deleting the phrase "each aiding the other", deleting all references to McInnis, and changing "defendants" to the singular "defendant". The court granted the motion. On appeal, the defendant contends, inter alia, that the amendment of the indictment was impermissible in that it changed the theory of the prosecution's case and thereby prejudiced him (see, CPL 200.70 [2]). We disagree. Contrary to the defendant's contentions the court's ruling, to which he consented, was

proper, as the amendment neither prejudiced the defendant in his defense on the merits nor in any way altered the theory of the People's case *(see, People v Johnson,* 87 AD2d 829, 830; *People v Torres,* 86 AD2d 988). The record reveals that the theory of the People's case from its inception had been that the defendant was the shooter and that McInnis merely assisted in locating the victim. Accordingly, as defense counsel himself conceded at trial, the deletion of all references to McInnis in the indictment, in no sense prejudiced the defense.

Moreover, although two prosecution witnesses made brief statements implicating the defendant in uncharged crimes, any prejudice which may have been caused by these remarks —which were elicited during cross-examination—was effectively removed by the trial court's sustaining of defense counsel's objections, the striking of the remarks from the record, and the giving of prompt and forceful curative instructions to the jury. As the defendant did not object or request further curative instructions at trial, he may not assert the inadequacy of such instructions as error on appeal *(see, e.g., People v Berg,* 59 NY2d 294, 299-300; *People v Santiago,* 52 NY2d 865).

We have reviewed the defendant's other claims and find them to be without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.