THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST RUSSELL, Appellant.

First Department, June 20, 1989

## APPEARANCES OF COUNSEL

*Bertrand J. Kahn* of counsel *(Philip L. Weinstein,* attorney), for appellant.

*Lisa A. Jones* of counsel *(Paul Harnisch* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

WALLACH, J.

Submission to the jury of a lesser included offense at the trial of a criminal charge, over the objection of the defendant, is based on the algebraic proposition that the greater includes the less, and for this reason indictment on the greater charge ordinarily furnishes adequate notice of exposure to conviction on the lesser. While this conviction for grand larceny in the third degree may, as a formal matter, satisfy the first tier of the two-part test enunciated in *People v Glover* (57 NY2d 61, 63), namely, that "it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense", the application of that doctrine in this instance has deprived defendant of a fair trial, in the sense that he received utterly inadequate notice of the two charges upon which he was ultimately convicted.

The first count of the indictment in this case charged defendant with grand larceny in the second degree (Penal Law § 155.35) committed as follows: "The defendant, in the County of New York, from on or about November 15, 1983 to on or about December 17, 1983, stole certain property owned by Mira Rafalowicz having an aggregate value in excess of one thousand five hundred dollars ($1,500.00) to wit: $10,000.00 United States Currency."

The second count of the indictment alleged criminal possession of stolen property in the first degree, a correlative possessory offense arising out of precisely the same circumstances.

Defendant sought particulars of the charges by demanding "(g) A detailed description of all property alleged to have been taken including demoniation *[sic]* and amounts of money."

The People's response was: "1(g) The property stolen from Ms. Rafalowicz by the defendant consists of $10,000 United States Currency, consisting of a $2,000 personal check from Ms. Rafalowicz (copy attached hereto as Exhibit b), and an $8,000 Money Market Account Debit (copy attached hereto as Exhibit C.)"

On the trial the theory of the People on their direct case was that defendant had obtained $10,000 from the complainant, Ms. Rafalowicz, by false representations that the mem-

bers of defendant's homesteading corporation had voted to allow her to reserve an apartment for her own occupancy, and that her payment would enable her to obtain one. However, in her testimony Ms. Rafalowicz conceded that she had *not* been deceived by anything defendant had told her about the availability of the apartment, thus all but totally undermining the People's case. When all the proof was concluded, and nothing remained except summations and charge, the People requested submission of the lesser included offenses of grand larceny in the third degree, and possession of stolen property in the third degree, based on a single offhand reference in complainant's testimony that $800 of her funds were turned over to defendant as a security deposit pertaining to an apartment lease.

The People sought to justify the submission of this charge on the ground that the evidence permitted a finding that grand larceny in the third degree had been committed by defendant in comingling the rental security deposit with the other assets of defendant's corporation; further, that possession of stolen property was a consequence of the comingling. This contention, giving effect to the second *Glover* requirement *(supra,* at 63) may well have been supported by "a reasonable view of the evidence" adduced at the trial. But entirely apart from *Glover* and its lesser-included standards,* defendant objected and cited, by way of prejudice, his lack of cross-examination of the corporation's treasurer (who was granted immunity by the People) on this deposit conversion issue, contending that if any comingling had occurred, she was to blame, since she handled all the corporation's funds. In our view, this objection was sufficient to preserve for appellate review the absence of minimally fair notice, but even if it were not, this is a fundamental error that should be recognized in the interest of justice.

An indictment "must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense" *(People v Keindl,* 68 NY2d 410, 416; *People v Morris,* 61 NY2d 290, 293; *People v Iannone,* 45 NY2d 589, 594; *People v Bogdanoff,* 254 NY 16). There is authority

---

* Indeed, a strong argument can be made that *Glover* has no application here, since the elements of comingling require consideration of the General Obligations Law, *infra* and thus import an entirely new element not required to establish guilt on the top count of the indictment.

*(People v Ceballos,* 98 AD2d 475, 479) which supports the submission of a lesser included offense if the two *Glover* prerequisites are met, *provided* that this course "did not involve any change in the theory of the prosecution." *(See also, People v Johnson,* 87 AD2d 829, 830, upholding amendment to the indictment during trial striking any reference to accomplice participation where the reduced charge "cannot be said to prejudice a defendant in his defense on the merits or *in any way alter the theory of the People's case"* [emphasis added].) These safeguards are lacking in the record before us, where not only was defendant prejudiced, but the entire theory of the prosecution underwent a seismic shift. Instead of being held to answer for the crime in the indictment as particularized by the bill, he was called upon to respond to a completely new offense, so different from the first that the court felt obliged to expand its instructions to the jury relating to the so-called lesser included offense with the additional principles of law contained in General Obligations Law § 7-103. Thus, defendant's trial on this wholly belated charge ended by depriving him of due process of law.

Accordingly, the judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered March 18, 1987, convicting defendant of grand larceny in the third degree, and criminal possession of stolen property in the second degree, and sentencing him to 60 days' imprisonment, a period of 4 years and 10 months of probation and a fine of $2,500, should be reversed, on the law, and the indictment dismissed.

MURPHY, P. J., SULLIVAN, ASCH and KASSAL, JJ., concur.

Judgment, Supreme Court, New York County, rendered on March 18, 1987, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this court's order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.