THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JONES, Appellant. (Appeal No. 1.) [601 NYS2d 734] —Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction of grand larceny in the fourth degree was against the weight of the evidence. Although defendant's companion testified that he, not defendant, stole the wallet, the jury was at liberty to disbelieve that testimony and to credit the testimony of the People's witnesses who saw defendant secrete the wallet in his jacket and later toss it into the brush when the police arrived. We conclude therefore that defendant's conviction was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Because the verdict need not be set aside, defendant's argument that his subsequent guilty plea, as part of a negotiated arrangement, should be vacated, fails (cf., People v Fuggazzatto, 62 NY2d 862, 863).

There is no merit to defendant's contention that the court's decision to charge the jury on accomplice liability was an unwarranted amendment of the indictment because it changed the theory of the People's case. "There is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing on the theory of the prosecution" (People v Duncan, 46 NY2d 74, 79-80, rearg denied 46 NY2d 940, cert denied 442 US 910). There was no amendment of the indictment. (Appeal from Judgment of Onondaga County

Court, Cunningham, J.—Grand Larceny, 4th Degree.) Present —Denman, P. J., Green, Balio, Fallon and Boehm, JJ.