■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MENDEZ, Appellant. [619 NYS2d 89] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered June 8, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The indictment in this case charged the defendant and a codefendant, his brother, with criminal sale of a controlled substance in the third degree, "each aiding the other". The defendant's brother moved for a severance, which was granted. At trial, the court granted the defendant's application that any reference to the severed codefendant be prohib-

ited. The People's proof consisted, *inter alia,* of the testimony of an undercover officer who stated that he approached the defendant on a street corner and purchased a packet of heroin from him. After the People rested, the defendant moved for a mistrial on the ground that the People had failed to prove that he acted in concert, as alleged in the indictment. The court denied the defendant's motion. Prior to the jury charge, the court granted the People's motion to amend the indictment to delete the acting in concert allegation. On appeal, the defendant challenges, *inter alia,* the court's rulings.

Since the defendant specifically objected to any testimony regarding the codefendant during the People's direct case, the court did not err in denying his motion for a mistrial and permitting the amendment of the indictment. The amendment neither prejudiced the defendant in his defense on the merits nor in any way altered the theory of the People's case *(see,* CPL 200.70 [1]; *People v Cepedes,* 130 AD2d 676; *People v Johnson,* 87 AD2d 829).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.