■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT JACKSON, Appellant. [638 NYS2d 140] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered April 7, 1994, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the trial court improperly granted the People's motion to amend the indictment to delete the language that the defendant had been acting in concert with another. "There is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910). Therefore, the amendment in this case did not alter the theory of the People's case and did not prejudice the defendant *(see, People v Duncan, supra; People v Jones,* 195 AD2d 1072; *People v Cepedes,* 130 AD2d 676; *People v Johnson,* 87 AD2d 829).

The defendant's contention that attempted burglary in the second degree should have been submitted to the jury as a lesser included offense of burglary in the second degree is also without merit. A lesser included offense may be charged only when there is a reasonable view of the evidence that the defendant committed the lesser offense but not the greater offense *(see, People v Lewoc,* 101 AD2d 927; *see also,* CPL 300.50 [1], [2]; *People v Green,* 56 NY2d 427). A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with the intent to commit a crime therein and the building is a dwelling *(see,* Penal Law § 140.25 [2]). Entry is established when the person or any part of his body intrudes within the building *(see, People v King,* 61 NY2d 550; *People v Daye,* 150 AD2d 481). In view of the complaining witness's uncontradicted testimony that she heard someone walking around inside of her home and the defendant's written admission that, after forcing the door open with his shoulder, he turned around and walked out, there is no possibility that the defendant was guilty of attempted burglary in the second degree but not burglary in the second degree *(see, People v Lewoc, supra).*

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]). Mangano, P. J., Copertino, Joy and Altman, JJ., concur.