■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN ALFORD, Appellant. [666 NYS2d 913] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered November 22, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent prison terms of 5 to 10 years and 1 year, respectively, unanimously affirmed.

Defendant has not preserved his claim that the reading into evidence of his Grand Jury testimony, wherein he admitted criminal liability as a principal, constituted a constructive amendment of the indictment, which charged defendant with acting in concert (*see, People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910), and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit because there is no distinction between these two forms of liability for purposes of indictment (*People v Rivera,* 84 NY2d 766; *People v Duncan, supra*). Moreover, defendant's claim of surprise is without merit because the evidence supporting the alternative theory of liability was supplied by defendant himself in his Grand Jury testimony (*see, People v Spann,* 56 NY2d 469). Evidence of uncharged drug sales was properly admitted to show that defendant intended to sell the drugs he

possessed under either or both theories of liability (*see, People v Alvino*, 71 NY2d 233). Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Tom, JJ.