■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTY L. WATROUS, Appellant. [704 NYS2d 707] —Spain, J. Appeal from a judgment of the County Court of Essex County (Ryan, Jr., J.), rendered January 5, 1999, upon a verdict convicting defendant of the crimes of assault in the third degree and endangering the welfare of a child.

Following a jury trial, defendant was convicted of the crimes of assault in the third degree and endangering the welfare of a child. The charges stem from injuries exhibited by her 19-month-old child on April 16, 1998 during a visit to a hospital emergency room, which included pronounced swelling and bruising to the child's forehead and cheek bones and swelling to his eyes, a swollen and protruding ear and a missing two-inch patch of head hair. Defendant at all times, including at trial, maintained that the child had fallen down a flight of stairs days before. The medical testimony and evidence contradicted that account. While defendant and her then-boyfriend, Brian Simard—to whom she was married by the time of trial—were jointly indicted, County Court granted the

People's pretrial motion to dismiss all charges against Simard due to insufficient evidence and to amend the indictment to remove all references to him.\* On defendant's appeal we affirm, finding that none of the points raised warrants disturbing either the judgment of conviction or the sentence.

Defendant's initial contention is that her guilt was not proven beyond a reasonable doubt and includes apparent challenges to both the sufficiency and the weight of the evidence. The child's biological father testified that he had dropped off the child at defendant's apartment on April 12, 1998 and that the child had no apparent injuries at that time. Defendant testified that on April 13, 1998 the child climbed over a gate and fell down a flight of wooden stairs, thereafter exhibiting no signs of injury except a slightly reddened face and a small cut to his nose until April 16, 1998, when she noticed that his head was bruised, swollen and missing a patch of hair. Simard's testimony echoed defendant's account, and he claimed to have been intoxicated when he gave a sworn statement to the State Police on April 17, 1998 that he was not home when the fall occurred.

In contrast, the physician's assistant who examined the child in the emergency room, the pediatrician who treated him the following day and a forensic pathologist who reviewed the child's medical records, X rays and photographs all testified that the child's injuries—which were entirely confined to his head—were not consistent with a fall down a flight of stairs which usually results in bruises or injuries to the entire body. The physician's assistant estimated that the injury causing the swelling and bruising appearing on April 16, 1998 at about 4:00 P.M. had occurred 12 hours earlier. The forensic pathologist opined that the injuries were caused by multiple blunt impacts to the head and face area, consistent with a hand or fist or other similarly shaped blunt object. When the pediatrician examined the child on April 17, 1998—the day after the child's visit to the emergency room—his eyes were extremely swollen making examination of them impossible, and he opined that the bruises were 24 to 48 hours old. The child was thereafter taken by ambulance to the hospital where he was admitted for treatment.

Defendant's testimony that the fall occurred on April 13, 1998 was inconsistent with her sworn statement to police that the fall had occurred on April 14, 1998 and with her report to

---

\* At the close of the People's case, the charge of assault in the second degree against defendant was dismissed due to insufficient evidence that the child had sustained serious physical injury.

the physician's assistant that it had occurred the day prior to the April 16, 1998 emergency room visit, as well as with her April 17, 1998 statement to the pediatrician that she could not recall if it had occurred two or four days earlier. Also, facts bearing on Simard's potential culpability were before the jury, including defendant and Simard's testimony that both of them were home when the fall occurred—which, however, was inconsistent with defendant's report to the physician's assistant that she had been home alone with the child at the time of his fall— and that Simard was alone with the child for periods of time in the following days.

Upon consideration of the foregoing evidence, particularly the credible medical testimony, viewed in the light most favorable to the prosecution, we find that the People satisfied their burden of proving beyond a reasonable doubt that defendant intentionally caused physical injury to her child (*see*, Penal Law § 120.00 [1]; § 10.00 [9]) and "knowingly act[ed] in a manner likely to be injurious" to him (Penal Law § 260.10 [1]; *see*, *People v Bleakley*, 69 NY2d 490, 495; *People v Marin*, 65 NY2d 741, 742; *People v Contes*, 60 NY2d 620, 621; *Matter of Shane E.*, 255 AD2d 674; *People v Bailey*, 178 AD2d 846, 848, *lv denied* 79 NY2d 943; *see also*, *People v Williams*, 203 AD2d 608, *lv denied* 83 NY2d 973; *People v Sloan*, 202 AD2d 525, *lv denied* 83 NY2d 915). Moreover, weighing the relative probative force of the conflicting testimony and the conflicting inferences to be drawn therefrom upon the exercise of our factual review powers, we are satisfied that the verdict was not contrary to the weight of the credible evidence and should not be set aside (*see*, *People v Bleakley*, *supra*, at 495; *see also*, CPL 470.15 [5]).

Defendant incorrectly contends that County Court erred when—after dismissing the charges against Simard—it granted the People's motion to amend the indictment to delete all references to Simard and to his alleged acting in concert with defendant. The original indictment charged defendant and Simard with "acting together and in concert" in perpetrating the assault and endangering the child's welfare. Defendant's contention that the amendment changed the theory of the prosecution is erroneous, as "[w]hether a defendant is charged as a principal or as an accomplice to a crime has no bearing on the theory of the prosecution" (*People v Rivera*, 84 NY2d 766, 769) and there is "no distinction between liability as a principal and criminal culpability as an accessory" (*People v Duncan*, 46 NY2d 74, 79-80, *cert denied* 442 US 910; *see*, *People v Adorno [Jiminez]*, 216 AD2d 686, 687, *lvs denied* 86 NY2d 839, 843). Accordingly, it is proper to amend an indict-

ment by deleting references to a codefendant and to a defendant's acting-in-concert to commit a crime and trying a defendant solely as a principal for the same crime (*see,* CPL 200.70 [1]; *People v Rivera, supra,* at 769; *People v Alford,* 246 AD2d 337; *People v Jackson,* 224 AD2d 547, *lv denied* 88 NY2d 987; *People v Richards,* 220 AD2d 698, *lv denied* 87 NY2d 1024; *People v Cepedes,* 130 AD2d 676; *People v Johnson,* 87 AD2d 829; *see also, People v Mendez,* 209 AD2d 547, *lv denied* 84 NY2d 1013; *People v Ceballos,* 98 AD2d 475, 479; *People v Reddy,* 73 AD2d 977).

Indeed, the People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice, a distinction which has been recognized as "academic" for charging purposes (*see, People v Guidice,* 83 NY2d 630, 636-637). The elements of the crime are the same whether a defendant is a principal or an accessory and, in both cases, the defendant must have acted with the mental culpability required for the offenses (*see, People v Rivera, supra,* at 771; *see also,* Penal Law § 20.00). Further, contrary to defendant's claim, permitting this amendment in no respect deprived defendant of the opportunity, as part of her defense strategy or trial testimony, to implicate Simard in this assault or to portray herself as an innocent bystander to his conduct or as a witness to an accidental injury.

Finally, upon our review we are not persuaded that County Court abused its discretion by denying defendant youthful offender status (*see,* CPL 720.20 [1]). Despite defendant's age of 17 at the time these misdemeanors were committed and her lack of a prior criminal record, the court reasonably concluded that, in view of the violent and intentional nature of these crimes perpetrated against her own infant, defendant was not an appropriate candidate for such treatment (*see, People v Manon,* 226 AD2d 774, 778, *lv denied* 88 NY2d 1022).

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.