■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KIRTON, Appellant. [827 NYS2d 352]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 8, 2001 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the first degree and criminal use of a firearm in the first degree.

Following a jury trial, defendant was convicted of first degree robbery and criminal use of a firearm in the first degree for his involvement in the May 11, 2000 armed robbery of a bank in the City of Albany. The trial testimony established that defendant and James Jones, wearing face masks and head coverings and brandishing loaded guns, entered the bank filled with customers, and forcibly stole money. The incident was captured by the bank surveillance camera. They fled to their getaway car, driven by Elliot Horsey, and the trio led state and local police on a high-speed chase on the highways and through local streets, during which defendant threw a gun out of the window. Jones fled the vehicle and was apprehended in the Village of Green Island, Albany County. Defendant and Horsey continued to flee in the car, and State Police eventually apprehended them at gunpoint in the City of Cohoes, Albany County, shortly after their vehicle crashed. Horsey was convicted of first degree robbery after a separate trial, and this Court affirmed (*People v Horsey*, 304 AD2d 852 [2003], *lv denied* 1 NY3d 573 [2003]); Jones entered a guilty plea, upheld on appeal (*People v Jones*, 11 AD3d 818 [2004]). Upon his convictions, defendant was sentenced as a persistent violent felony offender to consecutive terms of imprisonment of 25 years to life on the robbery conviction and five years on the firearm conviction. Defendant now appeals, raising a multitude of contentions, and we affirm.

Initially, defendant's challenge to the *Huntley* ruling, that County Court (Rosen, J.) should have suppressed his oral statements to police after he was apprehended, is based on the assertion, unsupported at the suppression hearing, that he lost consciousness after the vehicle crashed, rendering him incapable of waiving his rights or giving a voluntary statement (*see People v Van Guilder*, 29 AD3d 1226, 1227 [2006]; *People v Hughes*, 280 AD2d 694, 695 [2001], *lv denied* 96 NY2d 801 [2001]). Thus, his suppression motion was properly denied and, in any event, defendant's statement was not introduced at trial and no references to it were made in front of the jury; as such, there could be absolutely no prejudice from the court's ruling.

Next, we find that Supreme Court appropriately exercised its discretion in striking a *Sandoval* compromise allowing the People, for impeachment purposes, to inquire of defendant, should he testify, if he had been convicted of felonies in 1985 and again in 1993. The court excluded any reference to the nature or facts of those felonies as robberies or to defendant's juvenile delinquency adjudication (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Evans*, 17 AD3d 861, 863 [2005], *lv denied* 5 NY3d 828 [2005]). In rejecting defendant's remoteness claims, the court properly took into consideration that defendant was incarcerated for substantial periods following those convictions, and we discern no error or abuse of discretion (*see People v Keller*, 246 AD2d 828, 830 [1998], *lv denied* 91 NY2d 1009 [1998]; *see also People v Miller*, 27 AD3d 1017, 1018 [2006]). Likewise, the court did not err in denying defendant's motion in limine to preclude the witnesses from testifying to their fear during the robbery. Such testimony was relevant to the forcible stealing element of first degree robbery (*see* Penal Law § 160.00 [1]; § 160.15 [2]) and their actual trial testimony did not deviate from that objective nor did it unduly prejudice defendant (*see People v Scarola*, 71 NY2d 769, 777 [1988]).

Further, viewing the evidence in the light most favorable to the People, we find that the trial evidence amply established defendant's commission of this bank robbery, during which he handed the bag to tellers and forcibly stole property consisting of more than $9,000 in cash while brandishing a deadly loaded weapon, i.e., a .357 caliber handgun (*see* Penal Law § 160.15 [2]; § 265.09 [1] [a]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). While the perpetrators concealed their faces during the robbery, the proof establishing defendant's direct role in this crime was strong. The trio arrived and fled in a vehicle owned by defendant and, after the high-speed chase ended in a crash, defendant was observed by a State Trooper fleeing, hiding behind a nearby building, and then fleeing again; defendant was quickly apprehended, wearing clothing described by the eyewitnesses at the bank (including a shirt with a particular logo), as recorded by the surveillance camera. Behind the building where defendant had just been hiding alone, State Police recovered the bag containing the stolen cash, including the bank's prerecorded "bait" money, the loaded .357 revolver, and defendant's jacket containing a walkie-talkie radio. Defendant's driver's license and wallet were recovered in the glove compartment of the getaway vehicle, a ski mask was found outside the car door from which defendant had fled, and a walkie-talkie radio was found in the vehicle compatible with the one found in defendant's coat. Thus, the proof

established every element of these offenses. Further, a different finding would have been unreasonable and we do not find that the jury failed to give the evidence its deserved weight (*see People v Bleakley, supra* at 495; *see also People v Romero*, 7 NY3d 633, 643-644 [2006]).

Similarly without merit, and also unpreserved, is defendant's claim that since he was only indicted as a principal, Supreme Court erred in charging the jury that he could be found guilty as either a principal or an accessory. This charge was clearly permissible (*see People v Rivera*, 84 NY2d 766, 769-770 [1995]; *accord People v Mateo*, 2 NY3d 383, 408-409 [2004], *cert denied* 542 US 946 [2004]) as there is "no distinction between liability as a principal and criminal culpability as an accessory" (*People v Duncan*, 46 NY2d 74, 79-80 [1978], *cert denied* 442 US 910 [1979]; *see People v Watrous*, 270 AD2d 651, 653-654 [2000]). Likewise, we find no error in the court's refusal to charge the lesser included attempt offenses of these crimes based upon its sound conclusion that there was no "reasonable view of the evidence to support a finding that the defendant committed the lesser offense[s] but not the greater [ones]" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *see People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]; *cf. People v Hartman*, 4 AD3d 22, 24, 26-27 [2004]). Indeed, the unrefuted proof established that the armed robbery was consummated and the only question was whether defendant was a proven participant.

Further, defendant's mistrial motion was correctly denied, premised as it was upon a fleeting remark by the prosecutor during summation which, at most, characterized as "ridiculous" the defense theory that there was a fourth person involved who, rather than defendant, committed the robbery. Viewed as a whole, the prosecutor's summation did not deprive defendant of a fair trial in any respect (*see People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]; *see also People v Smith*, 27 AD3d 894, 898 [2006], *lv denied* 6 NY3d 898 [2006]).

Lastly, defendant argues, as he did at the sentencing hearing, that he may not be sentenced as a persistent violent felony offender, despite having two qualifying predicate felonies, because he was never informed during his 1993 plea on his second predicate that it would render him eligible for enhanced persistent violent felony offender sentencing in the event he were subsequently convicted of another violent felony (*see* Penal Law § 70.04, former § 70.08). Although the prosecutor was unable to secure the transcript of those plea proceedings, we have recently recognized that "a defendant's eligibility for an enhanced

sentence upon a hypothetical future conviction is merely a 'collateral consequence' of a plea of guilty that the defendant need not be advised of in order for the guilty plea to be deemed fully informed" (*People v August*, 33 AD3d 1046, 1050 [2006]; *see People v Edwards*, 96 AD2d 610, 611 [1983]). As the People complied with the applicable procedures (*see* CPL 400.15, 400.16) and otherwise established that defendant was a persistent violent felony offender (*see* Penal Law § 70.02 [1]; § 70.04 [1] [b]; § 70.08), we discern no error.

Further, in view of defendant's extensive criminal history of robberies and the violent nature of this armed robbery and efforts to evade capture, both of which exposed many innocent members of the public and law enforcement officers to great danger, we find no extraordinary circumstances or abuse of discretion warranting reduction of defendant's sentences, which are the maximum permissible, in the interest of justice (*see People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Defendant's remaining contentions are also lacking in merit.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.