■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD SILER, Appellant. [21 NYS3d 893]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered July 25, 2012, as amended August 22, 2012, convicting defendant, after a jury trial, of attempted rape in the first degree and sexual abuse in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The court properly granted the People's request for submission of attempted rape in the first degree as a lesser included offense of first-degree rape. There was ample evidence to sup-

port a reasonable view that defendant's conduct only constituted an attempt (*see generally* CPL 300.50 [1]; *People v Glover*, 57 NY2d 61 [1982]). When the reasonable view test is satisfied, the court is required to submit a qualifying lesser included offense at the request of either party (CPL 300.50 [2]). "Since the indictment necessarily contained the lesser included offense, there is no merit to defendant's arguments that the court constructively amended the indictment or that the People impermissibly changed their theory of prosecution" (*People v Basciano*, 54 AD3d 637, 637 [1st Dept 2008]). To the extent that defendant sought to establish at trial that the crime was only an attempt, he assumed the risk that the People would exercise their statutory right to submission of an attempt charge (*cf. People v Spann*, 56 NY2d 469, 474 [1982] [defendant properly convicted on alternative version of facts he supplied at trial]).

There was no reasonable view of the evidence upon which defendant committed attempted first-degree sexual abuse, but not the completed crime. Thus, the court properly denied defendant's request for submission of the attempt as a lesser included offense.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Richter and Gische, JJ.