People v Dinant (2019 NY Slip Op 06936)





People v Dinant


2019 NY Slip Op 06936


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


865 KA 17-00560

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY C. DINANT, JR., DEFENDANT-APPELLANT. 






THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered April 13, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, assault in the third degree, criminal mischief in the third degree, criminal possession of a weapon in the fourth degree, reckless endangerment (five counts), reckless driving and leaving the scene of an incident without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [4]), assault in the third degree (§ 120.00 [2]), criminal mischief in the third degree (§ 145.05 [2]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]) stemming from a "road rage" incident in which defendant, while driving a truck, chased a car and then struck the bumper of that car, sending it careening into a light pole and causing injuries to two passengers of the car. Defendant contends that County Court erred in granting the People's request to submit reckless assault in the second degree
(§ 120.05 [4]) and reckless assault in the third degree (§ 120.00 [2]) to the jury as lesser included offenses of intentional assault in the first degree (§ 120.10 [1]) and intentional assault in the second degree (§ 120.05 [2]) related to the two injured passengers of the car. As a preliminary matter, we note that defendant's challenge to the submission of the charge of assault in the third degree is not preserved for our review inasmuch as defendant did not object to the submission of that lesser included offense (see People v Clark, 161 AD2d 1181, 1181 [4th Dept 1990], lv denied 76 NY2d 786 [1990]; People v Dunbar, 145 AD2d 501, 502 [2d Dept 1988]; cf. People v Ford, 62 NY2d 275, 282-283 [1984]). In any event, defendant's contention lacks merit. The charges submitted by the court qualify as lesser included offenses of the respective charges in the indictment (see People v Leonardo, 89 AD2d 214, 217 [4th Dept 1982], affd 60 NY2d 683 [1983]; People v Williams, 212 AD2d 1065, 1065 [4th Dept 1995], lv denied 85 NY2d 916 [1995]), and there is a reasonable view of the evidence that would support a finding that defendant did not intentionally cause the injuries but, rather, recklessly caused the injuries (see Penal Law
§§ 120.00 [2]; 120.05 [4]; see generally CPL 1.20 [37]; 300.50 [1]; People v Glover, 57 NY2d 61, 63 [1982]). Contrary to defendant's contention, the submission to the jury of those lesser included offenses did not improperly change the theory of the case (see People v Silar, 135 AD3d 453, 454 [1st Dept 2016], lv denied 27 NY3d 1006 [2016]; cf. People v Russell, 147 AD2d 280, 281-282 [1st Dept 1989]).
Defendant's further contention that the court erred in purportedly submitting criminal mischief in the third degree (Penal Law § 145.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]) as lesser included offenses of criminal mischief in the second degree (§ 145.10) and criminal possession of a weapon in the third degree (§ 265.02 [1]) is unpreserved (see generally People v Green, 35 AD3d 1211, 1212 [4th Dept 2006], lv denied 8 NY3d 985 [*2][2007]) and, in any event, lacks merit. Before trial, the court reduced the greater counts of criminal mischief and criminal possession of a weapon to the lesser offenses due to certain insufficiencies in the grand jury proof, and the jury was instructed on only those reduced offenses.
Although defendant raises challenges to the prosecutor's summation and contends that the verdict was inconsistent, those contentions are not preserved for our review (see People v Heide, 84 NY2d 943, 944 [1994]; People v Rivera, 133 AD3d 1255, 1256 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]; People v Edwards, 129 AD3d 1499, 1500 [4th Dept 2015], lv denied 27 NY3d 964 [2016]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
With respect to the sentence, defendant contends that he was penalized for asserting his right to trial and that a 5% surcharge was improperly imposed. Those contentions are not preserved for our review (see People v Huddleston, 160 AD3d 1359, 1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Kirkland, 105 AD3d 1337, 1338 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]) and, in any event, lack merit (see People v Garner, 136 AD3d 1374, 1374-1375 [4th Dept 2016], lv denied 27 NY3d 997 [2016]; Kirkland, 105 AD3d at 1338). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court