■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE CHISOLM, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 15, 1987, convicting defendant, after a bench trial, of attempted manslaughter in the first degree and criminal possession of a weapon in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of 2⅓ to 7 years, unanimously affirmed.

Defendant was indicted for the shooting of a police officer. After the People put in their direct case, defense counsel requested a psychiatric evaluation of defendant. The court denied the application.

"At any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of sentence * * * the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). Whether to order an examination is within the trial court's discretion. (People v Gensler, 72 NY2d 239, 245, cert denied 488 US 932; People v Colville, 74 AD2d 928.) In deciding whether a defendant is competent to proceed, the court is to take into consideration available medical proof coupled with all other evidence and its own observations of defendant (People v Gensler, supra, at 244).

A prior psychiatric examination conducted pursuant to CPL article 730 in 1984 found defendant competent to stand trial. At the Huntley hearing, the court was able to observe defendant on the witness stand and found that he was "coherent and responsive to the questions asked of him." Defendant had also expressed his understanding of the proceedings when the court discussed with him his waiver of a jury trial and whether to call his sister, an involuntary witness, to the stand. Under the circumstances, the trial court did not abuse its discretion when it refused to have defendant reevaluated. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.