■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH E. HOBBS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of robbery in the third

degree (Penal Law § 160.05) and grand larceny in the fourth degree (Penal Law § 155.30 [4]). Defendant contends that County Court erred in instructing the jury that it could find him guilty as an accessory when the evidence did not support such a charge. He maintains that the People, in the indictment and bill of particulars, alleged that he acted as the principal, and thus the court's instruction on accomplice liability impermissibly changed the theory of prosecution.

The purpose of an indictment is to provide the defendant with fair notice of the accusations against him so that he will be able to prepare a defense *(People v Grega,* 72 NY2d 489, 495; *People v Iannone,* 45 NY2d 589, 594). "There is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(People v Duncan,* 46 NY2d 74, 79-80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910; *see also, People v Brown,* 159 AD2d 956, 957, *lv denied* 78 NY2d 1009). The fact that an indictment accuses a defendant as a principal does not preclude his conviction as an accessory, and a charge based on accessorial conduct is not ground for reversal *(People v Kimbrough,* 155 AD2d 935, *lv denied* 75 NY2d 814). Thus, the court properly instructed the jury on criminal liability for the conduct of another (Penal Law § 20.00).

Defendant concededly failed to raise his claim that the court erred in admitting his written confession into evidence without instructing the jury that the confession must be corroborated. Thus, the issue has not been properly preserved for appellate review *(see,* CPL 470.05 [2]). In any event, there was ample corroboration *(see, People v Lipsky,* 57 NY2d 560, *rearg denied* 58 NY2d 824). (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.