■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GREEN, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that his statements should have been suppressed on the ground that his initial admission to police officers was made before he was informed of his constitutional rights. "Custodial admissions are not suppressible unless produced by a process of interrogation designed to elicit statements from the defendant" *(People v Huffman,* 41 NY2d 29, 33; *see also, People v Bennett,* 70 NY2d 891; *People v Stackhouse,* 160 AD2d 822, 823, *lv denied* 76 NY2d 865). Here, the police officer was informed that a Michael Green at a certain address wanted to confess to the killing of Lawrence Clark. The officer went to the address and, upon encountering defendant, asked him if he was Michael Green and if he had telephoned police. When defendant answered both questions in the affirmative, the officer asked defendant what he could do for him, and defendant said that he had killed Clark. The officer then immediately advised defendant of his *Miranda* rights. In those circumstances, the questioning was not improper. The police officer's inquiries constituted investigatory questions designed to clarify the situation rather than interrogation designed to elicit an admission.

We also reject defendant's contention that the trial court should have ordered, *sua sponte,* a competency hearing. During the prosecution of this indictment, defendant exhibited odd behavior, alternately subdued and manic. Because of that behavior, the trial court twice granted defense counsel's request for mental examinations of defendant *(see,* CPL 730.20, 730.30 [1]). It was the unanimous opinion of the examining psychiatrist and psychologist that defendant had the capacity to understand the proceedings against him and to assist his attorney in his defense and that defendant was feigning mental illness to avoid prosecution. The record reveals no evidence that defendant's conduct warranted further inquiry into his mental capacity. "The test to be applied has been formulated as follows: 'Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid

his attorney in his defense' " *(People v Arnold,* 113 AD2d 101, 103). Applying that test, we find that the trial court properly exercised its discretion in not ordering a hearing *(see, People v Rogers,* 163 AD2d 337, *lv denied* 76 NY2d 943; *People v Chisolm,* 162 AD2d 267, *lv denied* 76 NY2d 892).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present— Callahan, J. P., Boomer, Boehm and Davis, JJ.