OPINION OF THE COURT
 

 Smith, J.
 

 The principal issue here is whether the trial court erred in permitting the prosecution to pursue an accessorial liability theory at trial and in charging the jury on that theory where the indictment charged defendant only as the principal actor. We hold that charge was proper and affirm the order of the Appellate Division.
 

 Defendant was convicted, after a jury trial, of manslaughter in the first degree in the shooting death of William Daniels. The Grand Jury voted an indictment charging defendant with murder in the second degree and criminal possession of a weapon in the second and third degrees, making no mention of accomplices and focusing solely on defendant’s conduct. The testimony before the Grand Jury was that defendant, Daniels and several other individuals were in defendant’s apartment and that defendant and Daniels were having a verbal dis
 
 *768
 
 agreement. One shot rang out, after which Daniels was observed standing face to face with defendant. Daniels, looking directly at defendant who was holding a gun, exclaimed, "You shot me.” Thereafter, Daniels fell to the floor and was removed from the apartment by defendant and the other individuals.
 

 The Grand Jury was charged to return a count of second degree murder if it found credible and legally sufficient evidence that defendant, with intent to cause the death of Daniels, shot him and caused his death. Additionally, the Grand Jury was charged to return counts charging defendant with second and third degree criminal possession of a weapon as a principal if there was credible and legally sufficient evidence of possession.
 

 Prior to trial, the People moved to amend the indictment to add the theory of acting-in-concert to each of the indicted crimes. This motion was denied. The court, however, granted a pretrial adjournment to investigate further the acting-in-concert evidence the People intended to establish. The trial court permitted the prosecution, over defendant’s objection, to present evidence tending to establish that defendant did act in concert and the court further charged the jury on accessorial liability.
 

 The Appellate Division affirmed the judgment, stating, "Although the indictment did not charge the defendant with accessorial liability, the trial court properly permitted proof that tended to establish that the defendant acted in concert with others in the victim’s shooting” (198 AD2d 529, 530 [citations omitted]). Quoting this Court’s decision in
 
 People v Duncan
 
 (46 NY2d 74, 79-80) that "[t]here is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution,” the Appellate Division determined that the People provided sufficient notice to defendant before trial of their intention to offer evidence establishing that he was an accomplice to the shooting, that defendant was given an opportunity to prepare his defense and that the admission of evidence of accessorial liability was proper.
 

 Defendant argues that he was denied his constitutional right to be tried only on those charges determined by the Grand Jury to be appropriate and that he did not receive fair notice of the charges against him. The People argue that
 
 *769
 
 prosecutors have traditionally been allowed to introduce proof of acting-in-concert where the only charge is as a principal and that the defendant had adequate notice of the People’s intent to offer evidence of acting-in-concert.
 

 I.
 

 Initially, we note that "[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury” (NY Const, art I, § 6; see
 
 also,
 
 CPL 210.05). Such person should be clearly apprised of the conduct which is the subject of the accusation
 
 (id.; see also,
 
 CPL 200.50). The three primary functions of the indictment are (1) to provide "the defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense,” (2) to "provide some means of ensuring that the crime for which the defendant is brought to trial is in fact one for which he was indicted by the Grand Jury, rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence” and (3) to indicate "just what crime or crimes defendant has been tried for, in order to avoid subsequent attempts to retry him for the same crime or crimes”
 
 (People v lannone,
 
 45 NY2d 589, 594-595;
 
 see also, Russell v United States,
 
 369 US 749, 770).
 

 Traditionally, it has been permissible to charge and admit evidence convicting a defendant as an accessory where an indictment charges only conduct as a principal
 
 (People v Bliven,
 
 112 NY 79). Whether a defendant is charged as a principal or as an accomplice to a crime has no bearing on the theory of the prosecution
 
 (People v Duncan,
 
 46 NY2d 74,
 
 supra).
 
 An indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant’s basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice
 
 (id.,
 
 at 79-80). When the defendant was indicted as a principal and evidence was admitted and the jury charged that defendant could be convicted either as a principal or an accomplice, no new theory of culpability was introduced into the case. The court’s instruction on acting-in-concert did not charge "a substantive crime not appearing in the indictment or amend[] the indictment to charge additional criminal acts or crimes”
 
 (People v Wilczyn
 
 
 *770
 

 ski,
 
 97 Misc 2d 307, 308,
 
 affd
 
 65 AD2d 518,
 
 cert denied
 
 439 US 1128).
 

 II.
 

 Defendant insists that the charge of acting-in-concert denied his right to be prosecuted on the Grand Jury indictment. However, in
 
 People v Duncan (supra,
 
 at 79-80) we indicated that there is "no distinction between liability as a principal and criminal culpability as an accessory and [that] the status for which the defendant is convicted has no bearing upon the theory of the prosecution.” Further, in
 
 People v Bliven (supra)
 
 this Court upheld a defendant’s indictment as a principal and conviction as an accomplice.
 

 Defendant relies on
 
 People v Roberts
 
 (72 NY2d 489). The holding of that case does not aid defendant here.
 
 People v Roberts
 
 declared that where "the indictment specifies a set of facts supporting a material element of the crime charged, the People at trial are [not] at liberty to present evidence that affirmatively disproves it,” nor are they free to seek a defendant’s conviction on separate factual evidence (72 NY2d, at 497).
 
 People v Roberts
 
 involved an indictment charging that defendant caused the victim’s death, and specified the theory of liability, namely that defendant had struck the victim in the neck. However, at trial, the People argued and presented evidence that defendant had caused the victim’s death by deliberately strangling her. The Court concluded that the defendant was prejudiced by the People’s change in theory (72 NY2d, at 499).
 

 People v Roberts
 
 (72 NY2d 489,
 
 supra)
 
 is distinguishable from this defendant’s case. In
 
 Roberts (supra)
 
 although the crime alleged in the indictment was technically the same one for which the defendant was tried, the theory of liability introduced at trial varied significantly from that charged in the indictment. The indictment charged defendant with manslaughter, consistent with his testimony that he struck the victim with his fist when his taxi began to swerve out of control, knocking her unconscious. The People’s proof at trial, however, that defendant caused the victim’s death by deliberately strangling her, was inconsistent with the manslaughter charge in the indictment but was consistent with intentional murder not charged in the indictment, which the Court found "defendant at trial was unprepared to meet” (72 NY2d, at 499).
 

 
 *771
 
 In this defendant’s case, no new theory was introduced at trial which was inconsistent with that contained in the indictment. The indictment charged and the People proved that defendant, intending to cause serious physical harm, caused the death of William Daniels. The facts established that William Daniels was shot once on the evening of September 11, 1988 and died, as a result of that shot, several hours later. Although there were no identified witnesses to the actual shooting, witnesses observing the scene immediately after the shooting, saw Daniels standing face to face with defendant who was holding a gun. Daniels, looking directly at defendant stated, "You shot me”, just before falling to the floor. The witnesses further observed two individuals assist defendant in carrying Daniels’ body outside the apartment building and placing it near some garbage cans. These individuals were also holding guns.
 

 Under section 20.00 of the Penal Law, a person, although not the principal actor, may nonetheless be criminally liable as though he/she were the principal actor when "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids [the principal] to engage in such conduct” (Penal Law § 20.00). "The key to understanding accessorial liability is that whether one is the actual perpetrator of the offense or an accomplice is, with respect to criminal liability for the offense, irrelevant” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 20.00, at 54).
 

 That defendant was indicted as a principal and convicted either as a principal or an accomplice did not alter the theory of liability charged in the indictment. The elements of the indicted crimes were the same whether defendant was a principal or an accessory. The indictment charged defendant with intentionally causing the death of William Daniels by shooting him with a handgun. Before the defendant could be convicted as principal or accessory, the People were required to prove every element of the indicted crime. The theory upon which prosecution and conviction are sought does not depend upon a defendant’s liability as a principal or accessory
 
 (People v
 
 Duncan, 46 NY2d 74, 79-80,
 
 supra).
 
 As
 
 People v Guidice
 
 (83 NY2d 630) recently reaffirmed, "The People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice. For charging purposes, the distinction between principal and accomplice is academic”
 
 (id.,
 
 at 637).
 

 
 *772
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order affirmed.