■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON QUINONES, Appellant. [654 NYS2d 747] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered December 10, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts) and criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 17 years to life, 6 years to life, 6 years to life, and 3 to 9 years, respectively, unanimously affirmed.

Defendant's claims that the court erroneously instructed the jury to consider whether defendant acted as an accomplice with an unapprehended participant in the crime or improperly amended the indictment regarding the theory of accessorial liability are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find

defendant's arguments to be without merit since a defendant may be properly convicted as an accomplice where the indictment accuses him only as a principal, or where it makes no mention of the participant whose conduct forms the basis of accomplice liability (*People v Rivera*, 84 NY2d 766; *People v Guidice*, 83 NY2d 630, 636-637).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.