■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. SKINNER, Appellant. [674 NYS2d 883] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was deprived of a fair trial when he was cross-examined regarding a prior statement because the prosecutor failed to comply with CPL 710.30 and County Court had precluded the People from introducing the statement in their direct case. Defendant failed to preserve his contention for our review (*see,* CPL 470.05 [2]), and, in any event, no CPL 710.30 notice was required because the statement was used only for impeachment purposes (*see, People v Sanzotta,* 191 AD2d 1032).

There is no merit to the contention of defendant that he was deprived of a fair trial by the failure of the People to specify in the bill of particulars whether defendant was being prosecuted as a principal or an accessory and by the court's refusal to order them to do so. "There is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" (*People v Duncan,* 46 NY2d 74, 79-80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646; *see generally, People v Hobbs,* 185 AD2d 619, *lv denied* 80 NY2d 1027).

We reject the contention of defendant that he was denied due process when the court required offers of proof regarding the testimony of defense witnesses and then precluded some of those witnesses from testifying. Because the testimony would have served only to impeach the testimony of another witness and did not bear on a material element of the People's case, it was properly barred by the collateral impeachment rule (*see, People v Inniss,* 83 NY2d 653, 658; *see also, People v Hickman,* 148 AD2d 937, *affd* 75 NY2d 891).

There is no merit to the contention of defendant that his motion for severance should have been granted. The proof against defendant and his codefendant was virtually identical, and defendant failed to establish "good cause" for severance and a separate trial (CPL 200.40 [1]).

We reject the contention of defendant that the testimony of a police investigator that he had received information from the New York City Police and the New York Prison System violated the court's *Sandoval* ruling and deprived him of a fair trial. Although the testimony indicated that defendant had a criminal record, the court mitigated any prejudice by directing the jury to disregard the testimony. Defendant's sentence is neither unduly harsh nor severe.

Finally, defendant contends that the court erred in denying

defense counsel's request for a third psychiatric examination after defendant behaved in a bizarre manner at trial by, among other things, striking his codefendant and attempting to harm himself. The court denied the request based upon the two prior examinations finding defendant to be competent and the court's discussions with and observations of defendant during trial. Thus, the court's determination not to order a further competency examination should not be disturbed (*see,* CPL 730.30 [1]; *People v Rios,* 126 AD2d 860; *see also, People v Russell,* 74 NY2d 901; *People v Green,* 190 AD2d 1015, *lv denied* 81 NY2d 1073). (Appeal from Judgment of Oneida County Court, Elliott, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.