■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DIXON, Appellant. [690 NYS2d 468] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that Supreme Court erred in failing to elicit separate verdicts from the jury concerning defendant's culpability as a principal or an accessory under Penal Law § 20.00 (*see,* CPL 470.05 [2]). Were we to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]), we would conclude that it lacks merit. There is no legal distinction between principal and accessorial culpability, and the jury was properly instructed concerning both theories based upon the evidence adduced at trial (*see,. People v Rivera*, 84 NY2d 766, 769; *People v Whatley*, 69 NY2d 784; *People v Skinner*, 251 AD2d 1013, *lv denied* 92 NY2d 930). Defendant failed to object to the prosecutor's allegedly improper inflammatory statements on summation and, in any event, they did not deprive defendant of a fair trial (*see, People v Galloway*, 54 NY2d 396; *People v Laraby*, 219 AD2d 817, *lv denied* 88 NY2d 849, 937; *cf., People v Hess*, 234 AD2d 925, *lv denied* 90 NY2d 1011). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Assault, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.