■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMY ABERNATHY, Appellant. [701 NYS2d 764] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Attempted Assault, 1st Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT CHANDLER, Appellant. [698 NYS2d 815] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and other offenses. We reject the contention of defendant that the accessorial liability charge to the jury deprived him of a fair trial. "When the defendant was indicted as a principal and evidence was admitted and the jury charged that defendant could be convicted either as a principal or an accomplice, no new theory of culpability was introduced into the case" (*People v Rivera,* 84 NY2d 766, 769; *see also, People v Hobbs,* 185 AD2d 619, 620, *lv denied* 80 NY2d 1027; *cf., People v Hemingway,* 179 AD2d 898, 900).

We further reject the contention of defendant that he was deprived of his right to testify before the Grand Jury. Defendant initially notified the People that he intended to testify, and the People met their reciprocal notification burden (*see,* CPL 190.50 [5] [a]). Believing that defendant had accepted his advice not to testify, however, defense counsel so informed the People. Defendant failed to correct that misunderstanding, despite defense counsel's letter to defendant informing him of the date of the Grand Jury proceedings and again advising him not to testify. Thus, defendant waived his statutory right to testify before the Grand Jury (*see, People v Perez,* 158 Misc 2d 956, 960), and, contrary to his contention, he was not precluded from exercising that right (*cf., People v Lincoln,* 80 AD2d 877; *see also, People v Ferrara,* 99 AD2d 257, 259-260). Supreme Court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Holman,* 79 NY2d 986, 987). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.