■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. MOORE, JR., Appellant. [710 NYS2d 231] —Judgment unanimously affirmed. Memorandum: In 1990 defendant was indicted for, *inter alia*, two counts of murder in the second degree (Penal Law § 125.25 [1]) in connection with the shooting death of an acquaintance. Count one of the indictment alleged that defendant acted alone in the shooting, and count two alleged that defendant shot the victim "while assisted by others actually present." The trial court charged counts one and two in the alternative, instructing the jury that a verdict of guilty of either count one or count two would mandate a verdict of not guilty on the other count. Defendant was acquitted of count one and convicted of count two. This Court affirmed the judgment of conviction (*People v Moore,* 191 AD2d 1020, *lv denied* 81 NY2d 1077), but thereafter granted defendant's motion for a writ of error coram nobis (*People v Moore,* 203 AD2d 971). Upon considering the appeal de novo, we reversed the judgment of conviction and granted a new trial on count two of the indictment upon the ground that County Court erred in its charge on reasonable doubt (*People v Moore,* 210 AD2d 950). At the second trial, defendant was convicted of manslaughter in the first degree (Penal Law § 125.20) as a lesser included offense of murder in the second degree.

We reject defendant's contention that a second trial on count two of the indictment was barred by double jeopardy. Although acquitted of count one, defendant was convicted of count two, and a retrial of that count was therefore not barred (*see,* CPL 40.30 [3]; *see also, People v Adames,* 83 NY2d 89, 93; *Matter of De Canzio v Kennedy,* 88 AD2d 770, 771, *lv denied* 57 NY2d 601).

Defendant contends that the theory of the prosecution was impermissibly changed when the prosecutor argued on summation that defendant fired two shots at the victim, but that the final, and fatal, shot was fired by another person. The theory of the prosecution is not limited by the statement in the bill of particulars that defendant fired three shots, thereby killing the victim (*see generally, People v Medina,* 233 AD2d 927, *lv denied* 89 NY2d 926). Although the evidence at trial was not conclusive with respect to whether defendant acted as the principal or an accomplice, that distinction does not affect defendant's liability for the crime. "The elements of the indicted crime[ ] were the same whether defendant was a principal or an accessory" (*People v Rivera,* 84 NY2d 766, 771). Defendant's contention that the People usurped the authority of the Grand Jury by

proceeding on a theory not charged in the indictment is without merit (*cf., People v Powell,* 153 AD2d 54, 56-57, *lv denied* 75 NY2d 969); defendant was charged with accessorial liability for the victim's death and was convicted either as a principal or an accessory (*see, People v Rivera, supra,* at 771). We further reject the contention of defendant that he was deprived of notice of the charge against him; the indictment properly provided fair notice that defendant was charged with accessorial liability in connection with the victim's death (*see, People v Grega,* 72 NY2d 489, 496; *cf., People v Roberts,* 72 NY2d 489, 497). The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Manslaughter, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.