■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER C. THOMPKINS, Appellant. [758 NYS2d 885] —Appeal from a judgment of Yates County Court (Falvey, J.), entered January 21, 1999, convicting defendant after a jury trial of criminal possession of a forged instrument in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). We reject defendant's contention that County Court improperly amended the superior court information (SCI) by instructing the jury on accessorial liability (*see People v Cummings*, 264 AD2d 854, 855 [1999], *lv dismissed* 94 NY2d 918 [2000]). "When the defendant was [charged] as a principal and evidence was admitted and the jury charged that defendant could be convicted either as a principal or an accomplice, no new theory of culpability was introduced into the case" (*People v Rivera*, 84 NY2d 766, 769 [1995]). We also reject defendant's

contention that the court erred in allowing the People to amend count one of the SCI to conform to the proof at trial with respect to the name of the payee of the forged instrument. The name of the payee is not a material element of the crime charged, and the amendment did "not tend to prejudice the defendant on the merits" (CPL 200.70 [1]; *see People v Clonick*, 289 AD2d 1031, 1032 [2001], *lv denied* 97 NY2d 728 [2002]; *People v Smith*, 262 AD2d 196, 197 [1999], *lv denied* 93 NY2d 1027, 94 NY2d 799 [1999]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the verdict is not against the weight of the evidence (*see id.*). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.