■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BOND, Appellant. [768 NYS2d 607]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), rendered September 6, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and judgment, same court (Charles Tejada, J.), rendered September 30, 1999, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a term of five years probation, unanimously affirmed.

"An indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability" (*People v Rivera*, 84 NY2d 766, 769 [1995]; *see also People v Guidice*, 83 NY2d 630, 637 [1994]). Accordingly, the court properly charged the jury on accessorial conduct even though the indictment contained no such reference. Moreover, defendant was on notice that the prosecution would introduce evidence that he had an accomplice.

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's isolated summation remark urging the jury to be fair to the children who attend the school near the scene of the drug transaction. The court's instructions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel pursued a plausible strategy designed to attack the credibility of the police witnesses.

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.