THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALEAF RASHARD HARRISON, Appellant. [805 NYS2d 915]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered December 10, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts) and petit larceny (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of burglary in the second degree (Penal Law § 140.25 [2]) and three counts of petit larceny (§ 155.25). Supreme Court denied defendant's motion to dismiss the indictment at the close of the People's case based on the alleged legal insufficiency of the evidence, and defendant failed to renew his motion after presenting evidence. Thus, defendant failed to preserve for our review his present contention with respect to the alleged legal insufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, we reject the contention of defendant that the evidence is legally insufficient to establish that he entered the residence at issue in the first count of the indictment, and the verdict is not against the weight of the evidence with respect to either burglary count (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court properly denied defendant's motion for a mistrial based on the prosecutor's comment on summation that defendant may have acted in concert with someone in committing one of the burglaries. Although the indictment charged defendant only as a principal, the prosecutor's comment on summation did not change the theory of the prosecution (*see People v Rivera*, 84 NY2d 766, 769 [1995]; *People v Moore*, 274 AD2d 959 [2000], *lv denied* 95 NY2d 868 [2000]; *People v Hobbs*, 185 AD2d 619 [1992], *lv denied* 80 NY2d 1027 [1992]). "[T]here is no legal distinction between liability as a principal or criminal culpability as an accomplice" (*Rivera*, 84 NY2d at 769). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.