Matter of J.H. (2007 NY Slip Op 51441(U))

[*1]

Matter of J.H.

2007 NY Slip Op 51441(U) [16 Misc 3d 1116(A)]

Decided on July 27, 2007

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through August 17, 2007; it will not be published in the printed Official Reports.

Decided on July 27, 2007

Family Court, Nassau County
In the Matter of J.H., A Person Alleged to be a Juvenile Delinquent, Respondent.
xx07

Mary Neggie, Esq.
Deputy County Attorney - Family Court Bureau
Attorney for the Presentment Agency
Samuel E. Rieff, Esq.
Attorney for Respondent

Richard S. Lawrence, J.
In a matter of first impression, this Court is called upon to decide whether a juvenile delinquency petition, which alleges that the Respondent was the active participant in the crimes alleged, but was in fact acting in concert, is facially sufficient for the Court to make an affirma-tive finding after the fact-finding hearing.
On or about January 29, 2007, the Presentment Agency filed a juvenile delinquency petition against the Respondent, charging him with the following acts, which, if he were sixteen years of age, would be:
Criminal Mischief in the Second Degree
§145.10 of the Penal Law, a D Felony;
Attempted Criminal Mischief in the Second Degree
§110/145.10 of the Penal Law, an E Felony;
Criminal Mischief in the Third Degree
§145.05 (2) of the Penal Law, an E Felony;
Criminal Mischief in the Fourth Degree
§145.00 (1) of the Penal Law, an A Misdemeanor.
[*2]
The juvenile delinquency petition only charged the Respondent as a principal actor. There was no allegation contained within the petition that the Respondent acted in concert to commit the above charged crimes. There were no discovery requests made by the Presentment Agency or the Respondent. The only notice that was given was Respondent's written alibi notice dated March 21, 2007 pursuant to Family Court Act §335.2.
The Fact-Finding Hearing
The fact-finding hearing was held on April 4, 2007 and May 8, 2007. Three witnesses testified at the fact-finding hearing: J.V.; F.V.; and R.G. Six photographs and a death certifi-cate for Respondent's relative, J.C., were received into evidence. The parties also stipulated that the damages exceeded $1500.00.
On May 8, 2007, the fact-finding hearing concluded. The Presentment Agency and the Respondent each rested, summations were given, and this Court rendered its decision in part. The decision was not completed because this Court raised the issue of whether the juvenile delinquency petition was facially sufficient, as acting in concert had not been alleged in the petition. This Court directed the Presentment Agency and the Respondent to submit memoranda of law on this issue, and it reserved decision.
The Presentment Agency's Arguments
Although not addressing the issue posed by this Court, the Presentment Agency argues that the petition is not jurisdictionally defective; and, in the alternative, that if this Court finds the petition is not sufficient, it should be permitted to amend the petition to allege that the Respon-
dent acted in concert to commit the crimes charged. 
The Respondent's Arguments
The Respondent has submitted a letter, which this Court will deem to be a memorandum of law. The Respondent admits that there is ample authority that an indictment or other accusa-tory instrument need not state the words "acting in concert" to sustain a conviction, even when acting with others; however, Respondent contends that if he is found "guilty," it should be of the lesser-included offense of Criminal Mischief in the Fourth Degree.
Decision and Order
[*3]
At the conclusion of the fact-finding hearing, and before this Court rendered its complete decision, this Court raised the question of whether the petition, which charged the Respondent as a principal, was facially sufficient for it to make an affirmative finding in view of testimony that the Respondent had acted in concert to commit the alleged crimes.
The Presentment Agency's primary contention is that the petition is not jurisdictionally defective as drafted and that this Court may make an affirmative finding. The Presentment Agency states that it relied upon the depositions attached to this petition and that the petition is fully supported by non-hearsay statements. According to the Presentment Agency, these depo-sitions read as if the Respondent acted as a principal, and do not mention any of the others in the group.[FN1]
This Court's own research has not yielded any authority under the Family Court Act or Family Court precedent which addresses the instant question. Similarly, neither the Presentment Agency nor the Respondent have submitted such law to this Court.
However, both the Presentment Agency and the Respondent have cited criminal case law, which this Court may consider. Family Court Act §303.1 (2). See Tommy C., 182 AD2d 312 (2nd Dept. 1992); In re Frank C., 70 NY2d 408 (1987); and In the Matter of Neftali D., 85 NY2d 631 (1995).
The Presentment Agency, relying on the Court of Appeals case of People v. Rivera, 84 NY2d 766 (1995), asserts that there is no difference between a Respondent's liability as a principal and as an accomplice. The issue before the Court of Appeals in Rivera was whether the trial court erred in permitting the prosecution to pursue an accessorial liability theory at trial and in charging the jury on that theory where the indictment charged defendant only as the principal actor. The Court of Appeals stated that:

An indictment charging the defendant is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime... as there is no legal distinction between liability as a principal or criminal culpability as an accomplice (citation omitted). When the defendant was indicted as a principal and evidence was admitted and the jury charged that defendant
[*4]
could be convicted either as a principal or an accomplice, no new theory of culpability was introduced into the case. The court's instruction on acting-in-concert did not charge a substantive crime not appearing in the indictment ...to charge additional acts or crimes (citation omitted). Id. at 769.
The indictment charged defendant with intentionally causing the death of William Daniels by shooting him with a handgun. Before the defendant could be convicted as principal or accessory, the People were required to prove every element of the indicted crime. The theory upon which prosecution and conviction are sought does not depend upon a defendant's liability as a principal or accessory....The People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice. For charging purposes, the distinction between principal and accomplice is academic (emphasis added). Id. at 771.
In applying that case to the matter at bar, the Respondent may be charged as a principal or as an accomplice and the particular theory need not be set forth in the juvenile delinquency petition. Compare People v. Guidice 83 NY2d 630 (1994) and People v. Quinones 237 AD2d 126 (1st Dept. 1997). Although the Presentment Agency erred by failing to charge the Respon-
dent as acting in concert, this does not render the petition facially insufficient.
Consequently, the Presentment Agency's alternative request that this Court permit amendment of the petition is denied as moot.
Lastly, the Respondent's contention that he cannot be found guilty of causing damage in excess of $1,500.00 if this Court finds that he acted in concert also need not be addressed, as the parties stipulated to damages in excess of $1,500.00. Therefore, the threshold amount necessary to sustain an affirmative finding of criminal mischief in the second degree has been reached.
Accordingly, after having found that the petition is sufficient, in accordance with this decision, and based upon this Court's oral decision rendered on the record on May 8, 2007, this Court makes an affirmative finding as to paragraph 4 (a) of the petition, which alleges acts which, if the Respondent were sixteen or older at the time of their commission, would be criminal mischief in the second degree, in violation of Penal Law §145.10, a D Felony. The other allegations, set forth in paragraphs 4 (b), 4 (c), and 4 (d) of the petition, are all dismissed as lesser included charges of criminal mischief in the second degree.
[*5]
THE PARTIES AND COUNSEL ARE DIRECTED TO APPEAR FOR A PRE-DISPOSITIONAL CONFERENCE ON AUGUST 7, 2007, AT 9:00 A.M.
This Constitutes the Decision and Order of this Court.
Dated: July 27, 2007.
<
Footnotes

Footnote 1:This Court only reviews a supporting deposition if it has been placed into evidence or if a motion has been made addressed to the facial sufficiency of the petition. (Family Court Act §311.1 and §311.2). In this case, this Court notes that it has not reviewed the depositions, as they were not moved into evidence, nor the subject of a prior motion.