■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY YOUNG, Appellant. [864 NYS2d 584]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered September 13, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that he was denied fair notice of the charge against him based on the jury instruction on accessorial liability. According to defendant, he was not indicted under such a theory of liability, and the People did not indicate that they would seek a jury instruction on accessorial liability until the last day of trial testimony. We reject defendant's contention. "An indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (*People v Rivera,* 84 NY2d 766, 769 [1995]; *see People v Duncan,* 46 NY2d 74, 79-80 [1978], *rearg denied* 46 NY2d 940 [1979], *cert denied* 442 US 910 [1979], *rearg dismissed* 56 NY2d 646 [1982]; *People v Harrison,* 24 AD3d 1226 [2005], *lv denied* 7 NY3d 757 [2006]; *People v Skinner,* 251 AD2d 1013 [1998], *lv denied* 92 NY2d 930, 1038 [1998]). We thus conclude that "the jury was properly instructed concerning both theories based upon the evidence adduced at trial" (*People v Dixon,* 261 AD2d 833 [1999], *lv denied* 93 NY2d 1017 [1999]). Contrary to the contention of defendant, the accessorial liability instruction did not introduce any new theory of culpability into the case that was inconsistent with that in the indictment, and thus his indictment as a principal provided him with fair notice of the charge against him (*see Rivera,* 84 NY2d at 770-771).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the People, as we must, we conclude that a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes,* 60 NY2d 620, 621 [1983]). Nor is the verdict against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Although there were certain discrepancies between the trial testimony of the victim, his prior sworn statement, and his grand jury testimony, his trial testimony was not "incredible and unbelievable, that is, impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Wallace,* 306 AD2d 802, 802-803 [2003] [internal quotation marks omitted]),

and the jury's resolution of credibility issues is entitled to great deference (see generally Bleakley, 69 NY2d at 495; People v Gritzke, 292 AD2d 805, 805-806 [2002], lv denied 98 NY2d 697 [2002]). Thus, even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that County Court erred in denying his motion for a mistrial because he was prejudiced by the reference of a prosecution witness to the fact that defendant was on probation at the time of the burglary at issue herein. We reject that contention. The witness made a single reference to that fact, and the court properly "instructed the jury to disregard the reference" (People v Hawkes, 39 AD3d 1209, 1210 [2007], lv denied 9 NY3d 845 [2007]; see People v Cruz, 272 AD2d 922, 923 [2000], affd 96 NY2d 857 [2001]). The jury is presumed to have followed the court's curative instruction (see Hawkes, 39 AD3d at 1210), thereby alleviating any prejudice to defendant (see generally People v Nusbaum, 222 AD2d 723, 726 [1995], lv denied 87 NY2d 1023 [1996]). We have examined the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.