■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT A. BERMUDEZ, Appellant. [908 NYS2d 302]—Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 14, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that the testimony at trial rendered the indictment duplicitous. Defendant failed to preserve that contention for our review (*see People v Bracewell*, 34 AD3d 1197 [2006]) and, in any event, it is without merit (*cf. id.*). The evidence presented at trial established that defendant caused the death of the victim either by his own conduct or by acting in concert with another, i.e., defendant either acted as a

principal in striking the victim with a baseball bat or he acted in concert with another individual, who punched the victim in the face, causing the victim to fall from his bicycle onto the street. Whether defendant acted as a principal or an accomplice is of no moment (*see People v Rivera*, 84 NY2d 766, 769 [1995]; *People v Moore*, 274 AD2d 959, 959-960 [2000], *lv denied* 95 NY2d 868 [2000]). Indeed, as County Court properly charged the jury, although a unanimous verdict was required with respect to defendant's guilt, unanimity was not required with respect to whether defendant was acting as a principal or an accomplice in causing the victim's death inasmuch as "[t]he elements of the indicted crime[ ] [of manslaughter in the second degree] were the same whether defendant was a principal or an accessory" (*Rivera*, 84 NY2d at 771). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.