People v Alvarez (2018 NY Slip Op 01284)





People v Alvarez


2018 NY Slip Op 01284


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5824 1497/13 1461/13

[*1]The People of the State of New York, Respondent,
v
Anthony Alvarez, Defendant-Appellant.


Feldman & Feldman, Uniondale (Steven A. Feldman of counsel), for appellant.
Anthony Alvarez, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 14, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the fourth degree, and sentencing him to an aggregate term of 18 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant was connected to all of the drug transactions by extensive evidence, including, among other things, cell phone records and intercepted phone calls. Where applicable, the evidence amply supported inferences that defendant was accessorially liable for the conduct of others (see Penal Law § 20.00).
The People established a sufficient chain of custody for the drugs purchased from defendant and codefendant on November 14, 2012, providing reasonable assurances of the identity of the drugs and substantially unchanged condition (see People v Julian, 41 NY2d 340 [1977]). Any deficiencies in the chain of custody as to the identity of the drugs went to the weight and not the admissibility of the evidence (see People v White, 40 NY2d 797, 799-800 [1976]).
We reject defendant's argument that the court impermissibly amended certain counts of the indictment by giving a supplemental instruction on accessorial liability in response to the deliberating jury's inquiry. An indictment charging a defendant as a principal is "not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 NY2d 766, 769 [1995]; see also People v Duncan, 46 NY2d 74, 79-80 [1978], cert denied 422 US 910 [1979]).
The court providently exercised its discretion in denying defendant's recusal motion (see People v Moreno, 70 NY2d 403, 405 [1987]). There is no indication that the court was actually biased against defendant or defense counsel, or that denial of the recusal motion deprived defendant of a fair trial. During the trial, the court occasionally made remarks that should have been avoided. However, these remarks did not prevent the jury from reaching an impartial verdict based upon the evidence presented (People v Moulton, 43 NY2d 944, 945 [1978]; People v Adams, 117 AD3d 104, 105 [1st Dept 2014], lv denied 24 NY3d 1000[2014]).
We have considered and rejected defendant's pro se claims (see generally Waller v Georgia (467 US 39, 48 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK