People v Kowal (2018 NY Slip Op 01709)





People v Kowal


2018 NY Slip Op 01709


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


50 KA 16-00046

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHEILA M. KOWAL, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered February 19, 2013. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and burglary in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and two counts of burglary in the first degree (§ 140.30 [2], [3]). Defendant's contention that the evidence is legally insufficient to support her conviction of attempted murder in the second degree and burglary in the first degree is not preserved for our review inasmuch as her general motion for a trial order of dismissal was not " specifically directed' at" the alleged shortcomings in the evidence raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes of attempted murder and burglary as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to those crimes (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that defense counsel was ineffective for failing to object to County Court's charge in which it used the phrase "personally or by acting in concert" with respect to the attempted murder count, even though the indictment used only the phrase "acting in concert" in that count. It is well settled that "[t]here is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" (People v Duncan, 46 NY2d 74, 79-80 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979], rearg dismissed 56 NY2d 646 [1982]). Furthermore, "[a]n indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime" (People v Rivera, 84 NY2d 766, 769 [1995]), and the same is true where, as here, the defendant is originally charged only as an accomplice. Thus, we conclude that defense counsel was not ineffective inasmuch as " the jury was properly instructed concerning both theories based upon the evidence adduced at trial' " (People v Young, 55 AD3d 1234, 1235 [4th Dept 2008], lv denied 11 NY3d 901 [2008]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction in the stipulated record on appeal incorrectly recites that defendant is a second felony offender and that a 12-year order of protection was issued. The certificate of conviction therefore must be amended to remove any reference thereto (see generally People v Young, 74 AD3d 1864, 1865 [4th Dept 2010], lv denied 15 NY3d 811 [2010]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court