Matter of Jonathan F. (2019 NY Slip Op 08189)





Matter of Jonathan F.


2019 NY Slip Op 08189


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2018-10358
 (Docket No. D-10565-17)

[*1]In the Matter of Jonathan F. (Anonymous), appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Jonathan F. appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 15, 2018. The order of disposition adjudicated Jonathan F. a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review so much of an order of fact-finding of the same court dated May 22, 2018, as, after a hearing, found that Jonathan F. committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree (two counts).
ORDERED that on the Court's own motion, the notice of appeal dated September 4, 2018, is deemed to be a notice of appeal from the order of disposition (see CPLR 5520[c]; Matter of Lucinda A. [Luba A.], 120 AD3d 492); and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
By petition dated April 28, 2017, the presentment agency alleged that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree (two counts). After a fact-finding hearing, the Family Court found beyond a reasonable doubt that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree (two counts) based on a theory of accomplice liability. The court thereupon adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 18 months.
Contrary to the appellant's contention, the juvenile delinquency petition that was filed against him by the presentment agency was not jurisdictionally defective. A juvenile delinquency proceeding is originated in the Family Court by the filing of a petition (see Family Ct Act § 310.1[1]; Matter of Michael M., 3 NY3d 441, 445). "For the petition, or a count thereof, to be sufficient on its face, the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof" (Matter of Dennis P.-A., 170 AD3d 727, 729; see Family Ct Act § 311.2[3]; Matter of Markim Q., 7 NY3d 405, 407; Matter of Michael M., 3 NY3d at 445; Matter of Neftali D., 85 NY2d 631, 635; Matter of Jahron S., 79 NY2d 632, 639). Such allegations must be set forth in the petition or the supporting depositions (see Family Ct Act § 311.2[3]; Matter of Jahron S., 79 NY2d at 635-636). "The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count" (Matter of Dennis P.-A., 170 AD3d at 729; see Matter of Neftali D., 85 NY2d [*2]at 634; Matter of Ricki I., 157 AD3d 792, 793).
Here, upon our review of the petition, we conclude that the supporting depositions set forth sworn, nonhearsay allegations sufficient, if true, to establish that the appellant committed the acts constituting the aforementioned crimes (see Family Ct Act § 311.2[3]; see also Matter of Dennis P.-A., 170 AD3d at 729). Accordingly, the petition was not facially deficient. The appellant's contention that the petition was required to formally charge him as an accomplice is without merit. The presentment agency is not required to specify in a juvenile delinquency petition whether a respondent is being charged as a principal or as an accomplice (see People v Rivera, 84 NY2d 766, 771; People v Guidice, 83 NY2d 630, 636-637; Matter of J.H., 16 Misc 3d 1116[A], 2007 NY Slip Op 51441[U] [Fam Ct, Nassau County]).
"[T]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Darnell G., 125 AD3d 969, 969 [internal quotation marks omitted]; see Family Ct Act § 342.2[2]; Matter of Brandon V., 133 AD3d 769). Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree (two counts) based on a theory of accomplice liability. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d at 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell G., 125 AD3d 969; Matter of Clarissa S., 83 AD3d 1083). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.
The appellant's remaining contention is without merit.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court