People v Spruill (2026 NY Slip Op 01738)

People v Spruill

2026 NY Slip Op 01738

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 70861/21|Appeal No. 6183|Case No. 2024-00551|

[*1]The People of the State of New York, Respondent,
vBarron Spruill, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Daniel Hamburg of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Maya Kouassi of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Joseph A. McCormack, J.), rendered January 10, 2024, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 20 years to life, unanimously affirmed.
The jury's determination that defendant or one of his accomplices caused the victim's death while robbing or attempting to rob him — as required to support his conviction of felony murder — was supported by the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]).
The court's instruction that the jury could find defendant guilty of felony murder if it found that "another participant" in the alleged robbery caused the victim's death was not an impermissible constructive amendment of the indictment (see CPL 200.70[2]; People v Rivera, 84 NY2d 766, 769 [1995]).
The court's ruling permitting a witness to testify regarding a phone call, several months prior to the instant offense, in which defendant threatened that he was outside of the eventual shooting victim's apartment and had a gun, was properly admitted for the non-propensity purposes of proving motive and intent; there had been a longstanding dispute about money that ultimately prompted defendant to ambush and kill the victim (see People v Molineux, 168 NY 264 [1901]; see also People v Cass, 18 NY3d 553, 560 [2012]).
We perceive no basis for reducing defendant's sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026