■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONI EVANS, Appellant.—Judgment of the Supreme Court,

New York County (Norman Ryp, J.), rendered on July 29, 1983, which, following a jury trial, convicted defendant of robbery in the second degree and sentenced him to an indeterminate term of imprisonment of from 1½ to 4½ years, is unanimously affirmed.

There is no merit to defendant's claim that the proof at trial was insufficient and that the verdict is, therefore, unsupported by the weight of the evidence. The victim's account, by itself, establishes all of the elements of the crime of robbery in the second degree. The testimony of the complainant, a taxi driver, shows that one of defendant's companions grabbed the former's receipts and that defendant impeded his attempt to recover the receipts by kicking and punching him. Moreover, the victim's version of the incident was corroborated by a passerby who had assisted in subduing defendant's companion and testified to having observed three people attacking the victim. Although defendant's companion denied that any robbery had occurred, there is no indication that the jury's determination of credibility was in error (see, People v Bleakley, 69 NY2d 490, 495).

Further, we find no substance to defendant's contention that his codefendant's statements should have been suppressed. In that regard, defendant argues that the court should have held a hearing to determine whether the codefendant should have been given the *Miranda* warnings and if his statements were coerced. Defendant, however, lacks standing to assert his codefendant's rights. Moreover, the record demonstrates that a hearing was conducted, and defendant's claim of prejudice is wholly conclusory. We also find that cross-examination of the codefendant was proper (see, People v Savage, 50 NY2d 673, 676). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.