■ ELLEN I. LEVIN et al., as Coadministrators of the Estate of JENNIFER D. LEVIN, Deceased, Respondents, v JOHN J. DORRIAN et al., Doing Business as DORRIAN'S RED HAND RESTAURANT, et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on June 14, 1989, which, *inter alia,* granted plaintiffs' motion to strike the third affirmative defense in the verified answer alleging lack of personal jurisdiction over defendants John and Carol Dorrian ("the individual defendants") and which denied plaintiffs' motion to strike the third affirmative defense as to defendant Dorrian's Red Hand Restaurant ("the corporate defendant"), unanimously affirmed, with costs.

Personal service was properly effectuated upon the individual defendants in accordance with CPLR 308 (2). The affidavits of service in support of plaintiffs' motion to strike defendants' third affirmative defense of lack of jurisdiction established personal service upon individual defendant John Dorrian at his residence, and service upon individual defendant Carol Dorrian by delivery of process to co-defendant John Dorrian and by mail to her last known residence. *(Bartomeo v Brookdale Hosp. Med. Center,* 121 AD2d 670; *Bidetti v Salter,* 108 AD2d 890.) Defendants' assertion that Carol Dorrian was not properly served by mail at her last known residence was concededly not raised before the *nisi prius* court, and has therefore not been preserved for appellate review. *(Slater v Gallman,* 38 NY2d 1, 4; *Block v Magee,* 146 AD2d 730, 732.) In any event, defendants' bare assertion that service was not

properly made is insufficient to defeat plaintiffs' motion to dismiss. *(Stevens v Feitknecht,* 93 AD2d 998.)

Equally devoid of merit is defendants' contention that the inclusion of the initials, "d/b/a" in the caption establishes that the individual defendants were sued only in their representative capacity as officers of the corporate defendant. Here, a reading of the complaint clearly establishes that the individual defendants were fairly apprised of the fact that the plaintiffs intended to seek a judgment against them in their individual capacities. *(Albilia v Hillcrest Gen. Hosp.,* 124 AD2d 499; *Connell v Hayden,* 83 AD2d 30, 37.)

Finally, we find that the IAS court properly denied plaintiffs' motion to dismiss the third affirmative defense as to the corporate defendant, where the affidavit of service did not recite that individual defendant John Dorrian was authorized to receive service on behalf of the corporate defendant. *(McDonald v Ames Supply Co.,* 22 NY2d 111.) Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.