■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROSARIO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CASINO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED CALIFANO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN McCABE, Appellant. [605 NYS2d 53] —Judgments, Supreme Court, New York County (Juanita Bing Newton, J.), rendered March 27, 1992 convicting the defendants, after a bench trial, of one count of assault in the first degree, two counts of assault in the second degree, and one count of assault in the third degree, and sentencing defendant Casino to terms of from 5 to 15 years on the first degree assault to be served concurrently with consecutive terms of from 2⅓ to 7 years on each of the second degree assault convictions and defendants Rosario and McCabe to concurrent terms of from 2 to 6 years on the first degree assault count and from 1½ to 4½ years on each of the second degree assault counts and defendant Califano to terms of from 1½ to 4½ years to be served concurrently on the assault first degree and assault second degree counts and all four defendants to a definite one year term on the third degree assault count to run concurrently with the other sentences, unanimously affirmed. The case is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Defendants' convictions arise from a senseless and brutal attack on three unarmed victims in Greenwich Village. Defendant Casino emerged from a station wagon with bat in hand and after exchanging aggressive words with the victims, tapped the bat on the station wagon at which point the other defendants and a co-defendant, Lukaj emerged. All of the defendants surrounded the victims and then Lukaj took the bat from Casino and began to assault one of the victims by striking him in the head with the baseball bat. Following this initial use of the baseball bat, all of the defendants, in various degrees, assaulted the victims. These assaults were observed by a cab driver who testified at trial that all five of the men who emerged from the station wagon engaged in the assaults.

We reject defendants' claim that the assault first degree conviction may not stand because the evidence was legally insufficient to show that they acted in concert with Lukaj

when he struck the most seriously injured victim with a baseball bat. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), guilt was established beyond a reasonable doubt. All of the defendants surrounded the victims while one defendant held a bat and taunted one of the victims with it. That Lukaj was actually the one who used the bat does not negate the evidence demonstrating a community of purpose *(compare, People v Rivera,* 176 AD2d 510, *lv denied* 79 NY2d 863). Nor do we find the verdicts against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). Each of the defendants was engaged in some fashion in the assaults on the victims and was identified by a cab driver as the persons who so engaged in the assaults at the time of arrest.

Moreover, the assault on one victim was so severe as to rise to the objective level necessary to support a verdict of depraved indifference to human life since repeated blows to the head with a baseball bat is conduct so wanton as to permit a conclusion that defendants were indifferent to human life *(cf., People v Gomez,* 65 NY2d 9).

Finally, we have reviewed the various claims of the defendants concerning imposition of sentence and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.