■ RAMGOPAL KANCHARLA, Respondent, v APPLIED CYBER-NETICS INTERNATIONAL, INC., et al., Appellants. [668 NYS2d 360] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 5, 1996, awarding plaintiff damages, and bringing up for review a prior order, entered August 28, 1996, which granted plaintiff's motion pursuant to CPLR 3213 to enforce a Florida judgment entered against defendants on default, unanimously affirmed, with costs.

The motion was properly granted on the grounds that plaintiff's facially valid affidavits of service in both the Florida and New York actions were not adequately rebutted by defendants' bare assertions of improper service (*see, Levin v Dorrian*, 171 AD2d 415). Defendants' remaining contentions are without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO FONTANEZ, Appellant. [668 NYS2d 362] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 24, 1995, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). We see no reason to disturb the jury's determinations concerning credibility and reliability of testimony (*see, People v Gaimari*, 176 NY 84, 94).

Defendant's claim that the prosecutor's cross-examination of a severed codefendant, testifying as a defense witness, improperly suggested that the witness had the propensity to commit certain crimes and that the jury may have imputed that propensity to defendant is unpreserved due to lack of specific objection (*People v Tevaha*, 84 NY2d 879, 881) and we decline to review it in the interest of justice. Were we to review defendant's claim, we would find that the witness was properly questioned regarding his criminal history, that defendant's claim of prejudice rests on speculation (*see, People v Evans*, 161 AD2d 426), and that any potential prejudice was avoided by the court's instructions to the jury. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.