■ The People of the State of New York, Respondent, v Christopher Beamon, Appellant. The People of the State of New York, Respondent, v Ozzie Johnson, Appellant. [672 NYS2d 348] —Judgments, Supreme Court, New York County (Rena Uviller, J.), rendered May 22, 1996, convicting defendant Beamon, after a jury trial, of burglary in the third degree, possession of burglar's tools and criminal impersonation in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 3½ to 7 years, 1 year, and 1 year, respectively, and convicting defendant Johnson, after the same jury trial, of burglary in the third degree and criminal impersonation in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 2½ to 5 years and 1 year, respectively, unanimously affirmed.

Contrary to defendant Beamon's contention, the court's *Sandoval* ruling, permitting inquiry into a limited number of his prior convictions, as well as some of their underlying facts, constituted a proper exercise of discretion despite the fact that the nature of the prior convictions was similar to the nature of the crimes with which defendant was charged in the instant case (*People v Sandoval*, 34 NY2d 371). The circumstance that defendant specializes in a particular type of crime does not insulate him from cross-examination with respect to those crimes and any possible prejudice was mitigated by the court's charge, which instructed the jurors that defendant's prior convictions could not be considered by them as evidence that he committed the crimes for which he was on trial or that he had any propensity to commit crimes (*see, People v Fontanez*, 247 AD2d 260).

Defendant Beamon's contention that the court's charge deprived him of a fair trial has not been preserved for appellate review as a matter of law and we decline to review it in the interest of justice. Were we to review the claim, we would find that, viewed as a whole, the charge correctly informed the jury of the applicable principles of law concerning burdens of proof (*People v Robinson*, 36 NY2d 224).

Contrary to defendant Johnson's assertion, the trial court properly exercised its discretion in permitting the People to introduce rebuttal evidence since it was offered to disprove

facts set forth by defendant Beamon during direct examination and thus, was not collateral (*see*, *People v Grindley*, 243 AD2d 580, *lv denied* 91 NY2d 874; *People v Beavers*, 127 AD2d 138).

Since defendant Johnson failed to raise his ineffective assistance of counsel contention by way of a CPL 440.10 motion, counsel has had no opportunity to explain his tactics (*People v Love*, 57 NY2d 998). Based on the existing record, we find that counsel provided meaningful representation (*People v Baldi*, 54 NY2d 137). Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Mazzarelli, JJ.