■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMILLIAN HILL, Also Known as MAXIMILIAN P. HILL, Appellant. [675 NYS2d 338] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 24, 1995, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The fact that no witness could conclusively identify defendant as the assailant who initially hit the victim, knocking him to the ground, is of no moment since defendant's guilt was based upon an acting in concert theory and the evidence clearly established that all three participants shared the requisite intent for second degree assault by collectively beating the victim with wooden planks (*People v Rosario*, 199 AD2d 92, 93, *lv denied* 82 NY2d 930). As we decided upon codefendant Fontanez's appeal (*People v Fontanez*, 247 AD2d 260), we see no reason to disturb the jury's determinations.

Defendant's challenges to the court's supplemental instructions regarding shared intent and accomplice liability are not preserved for appellate review, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's instructions as a whole, including

its use of a hypothetical, conveyed the proper legal principles and were not confusing.

Defendant's remaining contentions are unpreserved for failure to object or for lack of specific objection (*see, People v Tevaha*, 84 NY2d 879, 881), and we decline to review them in the interest of justice. Were we to review these claims, we would find, as we did with similar claims raised by Fontanez (*People v Fontanez*, 247 AD2d 260, *supra*), that reversal is not warranted. The court's instructions prevented any prejudice to defendant. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.