People v Pietrocarlo (2021 NY Slip Op 00690)





People v Pietrocarlo


2021 NY Slip Op 00690


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


144 KA 19-02154

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GRACE PIETROCARLO, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 16, 2019. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, after a nonjury trial, of assault in the second degree as an accessory (Penal Law §§ 20.00, 120.05 [12]). We affirm.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support her conviction as an accessory. As relevant here, a person is guilty of assault in the second degree when, "[w]ith intent to cause physical injury to a person who is sixty-five years of age or older, he or she causes such injury to such person, and the actor is more than ten years younger than" the victim (Penal Law § 120.05 [12]). To establish defendant's guilt as an accessory under Penal Law § 20.00, the People were required to prove that defendant had "a shared intent, or community of purpose with the principal [actor] . . . , and that [s]he intentionally aided the principal in bringing forth [the] result" (People v Nelson, 178 AD3d 1395, 1396 [4th Dept 2019], lv denied 35 NY3d 972 [2020] [internal quotation marks omitted]; see People v Allah, 71 NY2d 830, 832 [1988]; People v McDonald, 172 AD3d 1900, 1901 [4th Dept 2019]).
Contrary to defendant's argument, this is not a case where she was convicted based solely on her presence at the scene of the crime (cf. People v Tucker, 72 NY2d 849, 850 [1988]; see generally Matter of Tatiana N., 73 AD3d 186, 190-191 [1st Dept 2010]). In our view, the victim's testimony at trial was legally sufficient to establish that defendant acted in concert with three other members of her family (codefendants) to cause physical injury to the victim. It is immaterial that the victim could not conclusively state whether defendant actually kicked him during the attack or whether she caused him injury (see People v Hill, 251 AD2d 129, 129 [1st Dept 1998], lv denied 92 NY2d 899 [1998]) because the victim's testimony that he was surrounded by defendant and the codefendants and kicked on all sides following a confrontation about money allows for the reasonable inference that they collectively delivered the blows that caused the victim's injuries and that they shared the common purpose of injuring him (see People v Staples, 19 AD3d 1096, 1097 [4th Dept 2005], lv denied 5 NY3d 810 [2005]; People v Rosario, 199 AD2d 92, 93 [1st Dept 1993], lv denied 82 NY2d 930 [1994]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court