People v Brown (2021 NY Slip Op 02917)





People v Brown


2021 NY Slip Op 02917


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., TROUTMAN, WINSLOW, AND BANNISTER, JJ.


365 KA 19-01899

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TASHEEM BROWN, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered July 24, 2019. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [7]). Defendant and the codefendant, both inmates at a correctional facility, fought with another inmate (victim) and caused injury to him.
Defendant contends that County Court erred in granting the People's request for a jury instruction on accessorial liability because it introduced an alternative theory of liability, i.e., that he acted in concert with the codefendant, that was not charged in the indictment as amplified by the bill of particulars. We reject that contention. "An indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 NY2d 766, 769 [1995]; see People v Atkinson, 185 AD3d 1438, 1439 [4th Dept 2020], lv denied 35 NY3d 1092 [2020]). The court therefore properly instructed the jury on both theories (see People v Young, 55 AD3d 1234, 1235 [4th Dept 2008], lv denied 11 NY3d 901 [2008]). Contrary to defendant's contention, "the accessorial liability instruction did not introduce any new theory of culpability into the case that was inconsistent with that in the indictment, and thus his indictment as a principal provided him with fair notice of the charge against him" (id.; see Rivera, 84 NY2d at 770-771; Atkinson, 185 AD3d at 1439).
Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because the People did not disprove a justification defense (see People v Contreras, 154 AD3d 1320, 1320 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; People v Haynes, 133 AD3d 1238, 1239 [4th Dept 2015], lv denied 27 NY3d 998 [2016]). In any event, defendant did not present a justification defense, and he neither requested nor received an instruction to the jury on justification (see People v Simpson, 173 AD3d 1617, 1617-1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019]). Contrary to defendant's further contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and affording them the benefit of every favorable inference (see People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that the evidence is legally sufficient to establish that defendant acted in concert with the codefendant to cause physical injury to the victim (see People v Tapia, 151 AD3d 437, 439 [1st Dept 2017], affd 33 NY3d 257 [2019], cert denied — US &mdash, 140 S Ct 643 [2019]; People v Pietrocarlo, 191 AD3d 1263, 1263 [4th Dept [*2]2021]) and that the victim sustained a physical injury. The evidence demonstrated that the victim sustained a one-inch deep laceration to his cheek that required sutures and resulted in a scar (see People v Williams, 161 AD3d 1296, 1297-1298 [3d Dept 2018], lv denied 32 NY3d 942 [2018]; People v Moye, 81 AD3d 408, 408-409 [1st Dept 2011], lv denied 16 NY3d 861 [2011]; see also People v Robinson, 121 AD3d 1405, 1407 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's additional contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that the court erred in sentencing him as a persistent violent felony offender. Defendant had two prior violent felony convictions, in 2005 and 2015. Defendant waived his challenge to the 2005 conviction inasmuch as he was adjudicated a second violent felony offender based on that conviction when he was sentenced in 2015, and he did not show good cause for his failure to challenge the constitutionality of the 2005 conviction at that time (see CPL 400.15 [7] [b]; [8]; 400.16 [2]; People v Worth, 133 AD3d 1242, 1243 [4th Dept 2015], lv denied 27 NY3d 1009 [2016]; People v Jones, 289 AD2d 962, 962 [4th Dept 2001], lv denied 98 NY2d 652 [2002]). Finally, the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court