People v Pietrocarlo (2022 NY Slip Op 07323)

People v Pietrocarlo

2022 NY Slip Op 07323

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

758 KA 19-01824

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANNABEL PIETROCARLO, DEFENDANT-APPELLANT. 

ANDREW D. FISKE, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 16, 2019. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, after a nonjury trial, of assault in the second degree as an accessory (Penal Law §§ 20.00, 120.05 [12]), and petit larceny (§ 155.25), in connection with an incident where she and three other members of her family (codefendants) allegedly acted in concert to attack and cause physical injury to the victim, i.e., defendant's father. We affirm.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support her conviction of assault in the second degree as an accessory. As relevant here, a person is guilty of assault in the second degree when, "[w]ith intent to cause physical injury to a person who is sixty-five years of age or older, he or she causes such injury to such person, and the actor is more than ten years younger than" the victim (Penal Law § 120.05 [12]). To establish defendant's guilt as an accessory under Penal Law § 20.00, the People were required to prove that defendant had "a shared intent, or community of purpose with the principal [actor] . . . , and that [s]he intentionally aided the principal in bringing forth [the] result" (People v Nelson, 178 AD3d 1395, 1396 [4th Dept 2019], lv denied 35 NY3d 972 [2020] [internal quotation marks omitted]; see People v Allah, 71 NY2d 830, 832 [1988]; People v McDonald, 172 AD3d 1900, 1901 [4th Dept 2019]).
Contrary to defendant's contention, this is not a case where she was convicted based solely on her presence at the scene of the crime (cf. People v Tucker, 72 NY2d 849, 850 [1988]; see generally Matter of Tatiana N., 73 AD3d 186, 190-191 [1st Dept 2010]). The victim specifically identified defendant as the instigator of the physical altercation, testifying that defendant reached for some money that was in the victim's right pants pocket and placed her arm around his throat, whereupon he stumbled to the ground. Further, in our view, the victim's testimony at trial is legally sufficient to establish that defendant acted in concert with the codefendants to cause physical injury to the victim. It is immaterial that the victim could not conclusively state whether defendant actually kicked him during the attack or whether she caused him injury (see People v Hill, 251 AD2d 129, 129 [1st Dept 1998], lv denied 92 NY2d 899 [1998]) because the victim's testimony that he was surrounded by defendant and the codefendants and was kicked on all sides following a confrontation about money allows for the reasonable inference that defendant and the codefendants collectively delivered the blows that caused the victim's injuries and that they shared the common purpose of injuring him (see People v Staples, 19 AD3d 1096, 1097 [4th Dept 2005], lv denied 5 NY3d 810 [2005]; People v Rosario, 199 AD2d 92, 93 [1st Dept 1993], lv denied 82 NY2d 930 [1994]).
Defendant also contends that the evidence is legally insufficient to support her conviction of petit larceny because there is no evidence that she possessed or spent the money that was taken from the victim during the incident. We reject that contention. "A person is guilty of petit larceny when he [or she] steals property" (Penal Law § 155.25). " 'A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself [or herself] or a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner thereof' " (People v Jensen, 86 NY2d 248, 252 [1995], quoting § 155.05 [1]). "Property" includes, inter alia, any amount of money (§ 155.00 [1]), and an owner is "any person who has a right to possession thereof superior to that of the taker, obtainer or withholder" (§ 155.00 [5]; see People v Hightower, 18 NY3d 249, 254 [2011]). "The offense of larceny is complete when there has been 'a taking or severance of the goods from the possession of the owner' and even momentary possession of another's property by the accused is sufficient" (People v Smith, 140 AD2d 259, 260-261 [1st Dept 1988], lv denied 72 NY2d 924 [1988], quoting Harrison v People, 50 NY 518, 523 [1872]).
Viewed in the light most favorable to the People (see Contes, 60 NY2d at 621), the evidence established that, during the incident, defendant reached into the victim's right pants pocket and removed the money contained there, thereby taking property from an individual with a superior right thereto (see Penal Law § 155.00 [5]; Hightower, 18 NY3d at 254; Smith, 140 AD2d at 260-261). Even assuming, arguendo, that defendant did not ultimately secure the money that she had taken out of the victim's pocket—i.e., that she did not possess or spend the money after taking it from the victim—her responsibility for the petit larceny "is not diminished because [her] act of carrying away the [money] (asportation) is frustrated at an early stage" (People v Robinson, 60 NY2d 982, 983 [1983]). Indeed, a defendant "can be guilty of larceny even though his [or her] removal of the victim's possessions [was] interrupted before completion" (id. at 984). Thus, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" that defendant committed petit larceny, and therefore the evidence is legally sufficient to support the conviction on that count (People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019] [internal quotation marks omitted]; see generally People v Baldwin, 173 AD3d 1748, 1748-1749 [4th Dept 2019], lv denied 34 NY3d 928 [2019]).
Additionally, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although "an acquittal [of either crime] would not have been unreasonable" based on the conflicting accounts of what occurred during the altercation (Danielson, 9 NY3d at 348; see People v Gibson, 89 AD3d 1514, 1515 [4th Dept 2011], lv denied 18 NY3d 924 [2012]), " 'matters of credibility are for the [factfinder] to resolve' " (People v Pierce, 303 AD2d 966, 966 [4th Dept 2003], lv denied 100 NY2d 565 [2003]), and we cannot conclude on this record that the factfinder "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495; see People v Lankford, 162 AD3d 1583, 1584 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]; People v Zafuto, 72 AD3d 1623, 1624 [4th Dept 2010], lv denied 15 NY3d 758 [2010]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court